UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 19-00047-JLS |
|---|---|
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | |
| STEPHEN WILLIAM BEAL, | |
| Defendant. | |

The Court finds as follows:

1. Defendant STEPHEN WILLIAM BEAL is currently charged in an indictment with violations of the following offenses: 18 U.S.C. § 2332a(a)(2) (Use of a Weapon of Mass Destruction Resulting in Death); 18 U.S.C. § 844(i) (Malicious Destruction of a Building Resulting in Death); 18 U.S.C. § 924(c) (Use of a Destructive Device During and in Relation to a Crime of Violence); and 26 U.S.C. § 5861(d) (Possession of an Unregistered Destructive Device).

2. Pursuant to its discovery obligations in this case, the government wants to disclose to defendant's counsel in discovery certain materials that the government represents implicate third-party privacy, law enforcement sensitive or national security

concerns.  In addition, some of these materials are electronic in origin, making mitigation of these concerns through redaction problematic.  These Materials are collectively referenced below as "Protective Order Material(s)."

3. The parties have stipulated to this protective order under which the government would disclose to defendant's counsel in discovery certain Protective Order Materials.
Accordingly, for good cause shown, IT IS HEREBY ORDERED THAT:

4. The government may provide to defendant's counsel a copy of Protective Order Material(s) under the following terms and conditions:

   a. The government will provide to defendant's counsel a single copy of the Protective Order Material(s), redacted if and as appropriate.  In the case of electronic material, e.g., a mirror image of a computer, there will be no redaction of protected materials.  The government will label the Protective Order Material(s) as being subject to a protective order.

   b. Defendant's counsel is permitted to make copies of the Protective Order Material(s) as necessary for the preparation of the defense and for litigation of matters that arise therefrom. Defendant's counsel shall maintain a record of all copies of the Protective Order Material(s) that are made, and shall return or destroy all copies that are received or made at the conclusion of the litigation (as further detailed in paragraph l below).  Defendant's counsel shall ensure that the defendant represents he shall not retain any Protective Order Material(s) or copies thereof after the conclusion of the litigation as stated in the Acknowledgment of Defendant.

   c. Defendant's counsel shall maintain all Protective Order Material(s), including any copies, in accordance with this Order.

   d. The Protective Order Material(s) shall be maintained at all times by defendant's counsel in a secure storage facility (including both physical and electronic), except while being actively utilized as provided for in this Order.  A locked attorney office, ==locked file cabinet, or other locked receptacle== meets this requirement.

   e. A copy of this Order shall be kept with the Protective Order Material(s) at all times.

   f. The Protective Order Material(s) and its contents shall not be disseminated[1] by defendant's counsel to any persons, organizations or other entities, other than: (i) defendant (under the conditions set forth below); (ii) members of the defense team (attorneys, paralegals, investigators, translators, litigation support personnel, and secretarial staff); (iii) experts and consultants retained or noticed to the government and Court to assist in the preparation of the defense; and (iv) third-party witnesses for the sole purpose of preparation of the defense of the defendant.[2] All person, organization, or entity with access to the Protective Order Material(s) must be provided with a copy of this Order.

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

[2] "Members of the defense team" also includes other attorneys within the same law firm with whom defendant's counsel of record needs to discuss the case.

g.  Defense counsel may provide to his or her client (the defendant in this case that he or she represents) a single copy of any Protective Order Material(s), provided that:

(1) Defendant agrees in writing to the terms and conditions of this Protective Order.

(2) Defendant agrees in writing that he will not make any copy of any Protective Order Material(s).

(3) Defendant agrees in writing that he will not disseminate any Protective Order Material(s) to anyone, except as necessary for detention facility personnel to facilitate defendant's access to the Protective Order Material(s).  In the event of a conviction, after sentencing, each defense counsel shall retrieve from the detention facility and return to the United States Attorney's Office for the Central District of California any discs, hard drives, or other materials provided to the detention facility for review by the defendant he or she represents.  In the event of an acquittal, the detention facility shall return the Protective Order Material(s) to defense counsel, who will destroy or return to the United States Attorney's Office, as described in paragraph (m) below.

(4) Defendant agrees in writing that he will not show any Protective Order Material(s), or disclose any information contained within any Protective Order Material(s), to anyone.

(5) Defendant agrees in writing that he will maintain the Protective Order Material(s) in such a way as to keep it and the information in it from disclosure to anyone.

h.  Except for members of the defense team, all person, organization, or entity with access to the Protective Order Material(s) must agree to the terms of this Protective Order by

4

signing the Memorandum of Understanding at the end of this order. Copies will be retained by defense counsel and provided to the government if requested.

    i.    In addition, the Protective Order Material(s) and its contents shall not be disseminated to anyone who is not assisting in the preparation of the defense of the defendant in this case.

    j.    In addition, the Protective Order Material(s) shall not be disseminated to, nor shall the information within Protective Order Material(s) be disclosed in any way, to the media.

    k.    Defense counsel may provide defendant a single copy of any Protective Order Material(s).

    l.    The Protective Order Material(s), including any copies, may not be used, introduced, or otherwise relied upon, in any proceeding by any person, except by defendant's counsel of record in this case in hearings and proceedings in <u>United States v. Stephen William Beal</u>, SA CR 19-00047-JLS (Central District of California) and any appeal or any post-conviction collateral attack on any conviction or sentence arising therefrom.

    m.    All Protective Order Material(s), including all copies, shall be destroyed or returned to the United States Attorney's Office for the Central District of California at the conclusion of this case and any appeal or post-conviction collateral attack on any conviction or sentence arising therefrom. If defense counsel work product is present on the Protective Order Material(s), then when those materials are returned, defense counsel and/or staff will observe U.S. Attorney's Office staff shred those materials at the U.S. Attorney's Office. At the conclusion of the case and appeal, defendant will sign the Acknowledgment of Defendant at the

end of this Order affirming that he no longer has access to Protective Order Material(s).

      n.   This protective order shall be binding on subsequent counsel should defendant change attorneys at any time.

      o.   Nothing in this Order will be construed so as to limit or restrict the government's discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Brady v. Maryland, 373 U.S. 83 (1963), or any other provision of law.

      p.   Nothing in this order shall be construed: (1) as a waiver by any defendant to seek additional discovery beyond that provided by the government; or (2) as a waiver of any defendant's right to seek an unredacted version of any Protective Order Material(s); or (3) as a waiver of any defendant's right to challenge whether a specific document should be subject to this protective order. Nothing in this order shall be construed as limiting the government's ability to object to those requests. In addition, both parties reserve the right to seek future modifications of this protective order.

**IT IS SO ORDERED.**

DATED: _____

_____
THE HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

**MEMORANDUM OF UNDERSTANDING**

1. I understand that I may be the recipient of documents that contain information that implicate third-party privacy, law enforcement sensitive or national security concerns.

2. I agree that I shall never divulge, publish or reveal, by word, conduct or other means, such restricted documents, or the information therein, unless specifically authorized in writing to do so by an authorized representative of the United States government, or as otherwise ordered by the Court.

3. I understand and agree that Protective Order Material may not be released to or discussed with any person other than those individuals identified in the Protective Order in this case for whom a Memorandum of Understanding has been signed, and has complied with the requirements of the Protective Order entered by the United States District Court for the Central District of California.

4. I understand this agreement will remain binding upon me after the conclusion of the proceedings in <u>United States v. Stephen William Beal</u>, SA CR 19-00047-JLS.

5. I have received, read and understood the Protective Order entered by the United States District Court for the Central District of California in the above case, and I agree to comply with the provisions thereof.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, at _____.

_____          _____
       Printed Name                               Signature

7

**ACKNOWLEDGMENT BY DEFENDANT**

1. I understand that I may have received records, documents, programs, applications, or materials that implicate third-party privacy, law enforcement sensitive or national security concerns.

2. On the date below, I certify that I have returned all discovery information to my counsel and do not possess it in hardcopy, digital, or any other form.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, at _____.

_____        _____
       Printed Name                        Signature