NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
ANNAMARTINE SALICK (Cal. Bar No. 309254)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    United States Attorney's Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    Email:    mark.takla@usdoj.gov
             annamartine.salick2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>STEPHEN WILLIAM BEAL,<br><br>        Defendant. | No. SA CR 19-047-JLS<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 05/7/19<br>**PROPOSED TRIAL DATE:** 07/14/20 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Takla and Annamartine Salick, and defendant STEPHEN WILLIAM BEAL ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Amy Karlin and Richard G. Novak, hereby stipulate as follows:

1.  The Indictment in this case was filed on March 13, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 4, 2019 for an initial appearance on a criminal complaint and on March 25, 2019 for a post-indictment arrangement.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 3, 2019.

2.  On March 25, 2019, the Court set a trial date of May 7, 2019 and a status conference date of April 26, 2019.

3.  Defendant is detained pending trial.  The parties estimate that the trial in this matter will last at least 40 days, excluding any penalty phase trial that may be necessary.

4.  By this stipulation, defendant moves to continue the trial date to July 14, 2020.  This is the first request for a continuance.

5.  Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.  Defendant is currently charged in an indictment with violations of the following offenses which are each punishable by death: 18 U.S.C. § 2332a(a)(2) (Use of a Weapon of Mass Destruction Resulting in Death); 18 U.S.C. § 844(i) (Malicious Destruction of a Building Resulting in Death); and 18 U.S.C. § 924(c) (Use of a Destructive Device During and in Relation to a Crime of Violence. The Attorney General of the United States has not yet determined if he will or will not direct the government to seek the death penalty. Defendant is also charged with violation of 26 U.S.C. § 5861(d) (Possession of an Unregistered Destructive Device).

b. The discovery in this case is voluminous. The government has made available for defendant's review six digital devices and the search warrant returns for two social media accounts operated by the defendant. The approximate volume of data of the digital evidence made available to defendant is 6 terabytes. The government has also produced more than 700 pages of discovery to the defense, beginning at his post-indictment appearance on March 25, 2019, including more than 200 reports of investigations from multiple federal agencies, forensic examination reports, and evidence recovery logs and reports. In addition to the materials provided, the government will be producing a very large amount discovery, including making available for review the forensic images of more than 120 digital devices and social media and e-mail accounts belonging to persons other than defendant, thousands of pages of financial records, and hundreds of hours of surveillance videos. The remaining digital evidence alone accounts for more than 15 terabytes of data.

c. Due to the complex nature of the prosecution, the parties' estimated length of the trial, the parties' need to consult with experts and prepare expert reports, the voluminous discovery, and the need for the defense team to conduct forensic examinations of the evidence and interview numerous witnesses, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for

3

potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny the defense reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       e.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

       f.   The government does not object to the continuance.

       g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

   6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 7, 2019 to July 14, 2020 inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence; and (iv) the case is so unusual and so complex, due to nature of the prosecution, the need for forensic and expert examinations, and the voluminous discovery, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 15, 2019        Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division


   /s/ *Annamartine Salick*
MARK TAKLA
ANNAMARTINE SALICK
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am STEPHEN WILLIAM BEAL's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 14, 2020 is an informed and voluntary one.

_____   4/16/19
AMY M. KARLIN                      Date
Attorney for Defendant
STEPHEN WILLIAM BEAL


I have read this stipulation and have carefully discussed it with my attorneys. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than July 14, 2020.

_____   16 APR 2019
STEPHEN WILLIAM BEAL               Date
Defendant

6