NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
ANNAMARTINE SALICK (Cal. Bar No. 309254)
Assistant United States Attorney
Terrorism and Export Crimes Section
    United States Attorney's Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    Email:    mark.takla@usdoj.gov
              annamartine.salick2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-00047-JLS |
|---|---|
| Plaintiff, | <u>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DIGITAL MEDIA; PROPOSED ORDER</u> |
| v. | |
| STEPHEN WILLIAM BEAL, | |
| Defendant. | |

     Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Takla and Annamartine Salick, and defendant Stephen William Beal ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Amy Karlin, (collectively the "parties"), for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a protective order in this case restricting the use and dissemination of the specific information identified below pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1).

1. Defendant STEPHEN WILLIAM BEAL is currently charged in an indictment with violations of the following offenses: 18 U.S.C. § 2332a(a)(2) (Use of a Weapon of Mass Destruction Resulting in Death); 18 U.S.C. § 844(i) (Malicious Destruction of a Building Resulting in Death); 18 U.S.C. § 924(c) (Use of a Destructive Device During and in Relation to a Crime of Violence); and 26 U.S.C. § 5861(d) (Possession of an Unregistered Destructive Device).  The government began producing discovery to defendant at his initial appearance on February 6, 2019.  In addition to investigative reports and records, the government provided to defense counsel forensic images of 19 digital devices and information associated with five social media accounts operated by defendant.  Discovery is on-going and the parties have been in frequent communication to facilitate the process.

2. The government is in possession of 84 digital devices and e-mail and social media accounts belonging to persons other than defendant for which the parties hereby seek a protective order, (the "PROTECTED INFORMATION").  For the purpose of this protective order the PROTECTED INFORMATION includes the digital devices and accounts themselves, images or copies of the devices and accounts, and information obtained from the devices and accounts, including notes made while reviewing the devices and accounts.  A complete list of the PROTECTED INFORMATION is attached as Exhibit 1 and incorporated herein by reference.

3. The PROTECTED INFORMATION contains Personal Identifying Information ("PII") of real persons other than defendant, including, among other things, personal names, addresses, Social Security numbers, and bank account numbers.  The PROTECTED INFORMATION also

contains information that the operators consider sensitive and private.  Accordingly, the parties jointly request a protective order that will permit the government to produce discovery that is unredacted but preserves the privacy and security of victims and third parties by placing limitations on defendant's access to the discovery without the defense team present.

    4.    The parties agree that the following conditions, if ordered by the Court in the proposed protective order (the "Protective Order"), will serve compelling interests in maintaining the privacy and security of victims and third parties while permitting the defense to understand the government's evidence against this defendant:

        a.    For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are employed by defense counsel or retained by defense counsel pursuant to a contract with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include defendant, his family members, or any other associates of defendant.

        b.    Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the

3

Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

   c. The government is authorized to provide defendant's counsel of record with the PROTECTED INFORMATION marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER."  If defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

   d. The PROTECTED INFORMATION will be made available for the defense team's review at a physical location belonging to the Federal Bureau of Investigations ("FBI") or the U.S. Attorney's Office ("USAO").  Should defendant wish to be present for the defense team's review of the PROTECTED INFORMATION, the parties shall arrange for defendant's presence in an FBI or USAO location.

   e. Defendant may review the PROTECTED INFORMATION in this case only in the presence of a member of the defense team, and his counsel of record shall ensure that defendant is never left alone with, any discovery subject to the Protective Order. Defendant may see and review the PROTECTED INFORMATION in the presence of a member of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any PROTECTED INFORMATION in this case at any time.  Defendant must return all PROTECTED INFORMATION to the defense team at the conclusion of any meeting at which defendant is permitted to view the PROTECTED INFORMATION. Defendant may not take the PROTECTED INFORMATION out of the room in which he is meeting with the defense team.  Defendant may not write down or memorialize any PII contained in the PROTECTED INFORMATION.

At the conclusion of any meeting with defendant, the member of the defense team present shall take with him or her the PROTECTED INFORMATION. At no time, under no circumstance, will any PROTECTED INFORMATION be left in the possession, custody, or control of defendant, whether he is incarcerated or not.

   f. The defense team shall not permit anyone other than the defense team to have possession of the PROTECTED INFORMATION, including defendant himself.

   g. The defense team shall access and use the PROTECTED INFORMATION for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review the PROTECTED INFORMATION with a witness or potential witness in this case, including defendant. Before being shown any portion of the PROTECTED INFORMATION, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain the PROTECTED INFORMATION, or any copy thereof, after his or her review of those materials with the defense team is complete.

   h. The defense team shall maintain the PROTECTED INFORMATION safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see the PROTECTED INFORMATION, (2) not divulging to anyone the contents of the PROTECTED INFORMATION, and (3) not permitting the PROTECTED INFORMATION to be outside the defense team's offices, homes, vehicles, or personal presence.

    i. To the extent that notes are made that memorialize, in whole or in part, any PROTECTED INFORMATION or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become PROTECTED INFORMATION subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

    j. The defense team shall use the PROTECTED INFORMATION only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.

    k. In the event that a party needs to file the PROTECTED INFORMATION with the Court or divulge the contents of such materials in court filings, the filing shall be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PROTECTED INFORMATION and make all reasonable attempts to limit the divulging of the PROTECTED INFORMATION.

    l. In the event a party identifies the PROTECTED INFORMATION that the party seeks to introduce at a public hearing or at trial, the party will identify the specific item of the PROTECTED INFORMATION to the adverse party.  The parties will then work diligently to find an appropriate means of introducing the PROTECTED INFORMATION in a public setting.  If the parties cannot agree, the party seeking to introduce the PROTECTED INFORMATION shall file a

motion under seal that specifies the relief sought and the adverse party's position.

  m. The parties also agree that any PROTECTED INFORMATION produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

  n. Upon the final disposition of this case, any PROTECTED INFORMATION and materials otherwise identified as containing the PROTECTED INFORMATION shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return the PROTECTED INFORMATION and materials otherwise identified as containing PII to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

  o. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any PROTECTED INFORMATION or materials otherwise identified as containing the PROTECTED INFORMATION may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the

government, certifying the destruction of, or retaining pursuant to the Business and Professions Code and the Rules of Professional Conduct all PROTECTED INFORMATION and materials otherwise identified as PROTECTED INFORMATION.

5. Defense counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

6. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: June 13, 2019

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

*Mark Takla*

MARK TAKLA
ANNAMARTINE SALICK
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: June 13, 2019

/s/ by email authorization
AMY KARLIN
RICHARD NOVAK
Attorneys for Defendant
STEPHEN WILLIAM BEAL

8

# Exhibit 1

| 1B Number[1]r | Numerical Identifier/Description |
|---|---|
| N/A | Facebook: 1520686543 |
| 1B54 | One (1) Western Digital Hard Drive; S/N: WCC1T1084338; containing case archive ORCC022973, ORC022974 and ORC022975 / Field staging media containing image files from search |
| 1B221 | One (1) Verizon Motorola cell phone, MEID: A00000E3AAE7C |
| 1B220 | One (1) Apple iPhone 7 256g, DNPS98FSHG7V in orange Michael Kors case *HAZMAT |
| 1B224 | One (1) iPad A1455, F4KJH23HF19M, in purple case with charging cord. |
| 1B222 | Scene C, Room G, Grid G3: One (1) iPhone A1303 (iPhone 3GS) in white case |
| 1B293 | One (1) CinQ Mondes thumb drive |
| 1B349 | Two (2) flash drives, San Disk DTGE9 |
| 1B317 | One (1) Sims card removed from wallet |
| 1B53 | One (1) MacBook Pro Laptop, Model A1278; S/N: C17FP92BDH2G |
| 1B42 | One (1) iPhone 8;S/N F17VMC8HJCLQ |
| 1B41 | One (1) iPhone 10; S/N: C38VQ6QWJCLH |
| 1B37 | One (1) Apple iPad, Model A1459; S/N: DMPJLQATF189 |

---

[1] The FBI assigns most digital media a unique 1B number for internal tracking purposes.

| | |
|---|---|
| 1B36 | One (1) LG Cell Phone; S/M: 611VTMV337823 |
| 1B20 | One (1) LG Cellular Phone; S/N: 711VTZC568701 |
| N/A | HP Envy DV7 Laptop S/N:2CE24519YP |
| N/A | Apple iCloud Data: Kesu USB 3.0 500GB Hard Drive; Stephen@bealfamily.net; hermes6969@icloud.com |
| 1B218 | One (1) Black Dell Tower, S/N 3PPYPB1 |
| 1B217 | One (1) LG Tower, no serial # |
| 1B216 | One (1) black LG Tower, S/N TDR9044 |
| 1B19 | One (1) iPhone 3G; Model A1241; FCC ID: BCGA1241; |
| 1B13 | One (1) iPhone, 2007, Model A1203; IMEI: 011301005826804 |
| 1B12 | One (1) iPhone, Model A1549; IMEI:358373067365303 |
| 1B11 | One (1) iPhone, Model A1429; IMEI: 990002276301817 |
| 1B286 | iPhone 4S<br>One (1) iPhone, model A1387, FCC ID:  BCG-E2Y30A |
| 1B283 | 2 GB sandisk thumb drive |
| 1B225 | Vodafone sim card, S/N 8936703155131815811 |
| 1B647 | SIM card 890140427 0649378139 |
| 1B525 | Black Samsung flip phone, model SGH-A157, Phone number 949-632-8475 |
| 1B672 | Western Digital My Passport - WXB1A47ANXTD |
| 1B523 | Garmin Nuvi 1390 GPS with cord |

| | |
|---|---|
| 1B361 | Rose Gold iPad, S/N F9FT2352HP61; square electronic point of sale device, S/N: 707GS089001649 |
| 1B367 | Partial cell phone and pieces of cell phone (iPhone X) - "LF BH1237" |
| 1B309 | One AT&T sim card |
| 1B306 | Two (2) HP Invent compact dics, cd-r 52x700MG/80min |
| 1B295 | Sonos Speaker, S/N:  111000-DE-58-78-6A-08-A |
| 1B294 | Sonos speaker, S/N 110900-OE-58-88-91-EO-F and extension cord |
| 1B287 | Disc labeled "Spa Boop 45:00 Spa Tranquility" |
| 1B223 | Green circuit board |
| 1B52 | IBM Thinkpad Laptop; S/N MP-05W05N |
| 1B51 | IBM Thinkpad; S/N: L3-A124 |
| 1B50 | Compact Discs |
| 1B49 | Cannon HD Video Camera CMOS |
| 1B48 | Sony 32GB Memory Card |
| 1B47 | One (1) Seagate Hard Drive |
| 1B46 | One (1) Memorex Traveldrive |
| 1B43 | One (1) Sony Handycam, Model DCR-DVD203; S/N: 371945, in bag with 15 mini DVDs |
| 1B40 | One (1) Toshiba Laptop; S/N: X7087802R |
| 1B39 | One (1) Data Traveler 28GB Thumb Drive |
| 1B38 | One (1) Sony 8GB Memory Stick; Magic Gate |
| 1B35 | One (1) Toshiba Laptop; S/N: 38262009K |
| 1B34 | One (1) ACER Laptop; S/N: LXR4G020600331ABC91601 |
| 1B33 | One (1) Allenware Laptop, Model 5620D; S/N: NC562D2K02255 |
| 1B32 | One (1) Fujitsu Laptop; S/N:  R4500694 |

| | |
|---|---|
| 1B31 | One (1) Apple MacBook Pro, Model A1278; S/N: W89490V266H |
| 1B30 | One (1) IBM Thinkpad; FCC ID: AND9611TB00N |
| 1B29 | One (1) Seagate External Hard Drive; S/N: 5RF089YV |
| 1B28 | Seven (7) Sony Memory Sticks in purple case |
| 1B27 | One (1) Aiptek Portable Media Player |
| 1B26 | One (1) DVD-R; Sony 1.4GB "Accucore" |
| 1B25 | One (1) Disc - Verbatim 700MB |
| 1B24 | Eleven (11) Discs; 10 HP "Invent" DVD+R, 1 Memorex CD-RW |
| 1B23 | One (1) Seagate Hard Drive; A9505030009 |
| 1B22 | One (1) Seagate Barracude Hard Drive - 2000GB |
| 1B21 | IBM Hard Drive; P/N #46H6123 |
| 1B18 | One (1) USB Thumb Drive |
| 1B17 | One (1) Acer Laptop; FCC ID: MCLT77H462, with cord |
| 1B16 | One (1) Apple MacBook Pro; S/N: C17FP1JQDHDH2G, with cord |
| 1B15 | One (1) Lenovo Thinkpad; S/N: MP-05-VYUD14106, with cord |
| 1B14 | One (1) External Hard Drive, "My Passport", S/N: WXL1A56DS00N |
| 1B10 | Four (4) US Thumb Drives |
| 1B9 | One (1) Blue Memory Card |
| 1B8 | One (1) iPad, Model 1219; S/N D30514NFZ38 |
| 1B7 | One (1) Fujifilm Discovery Camera; 4307093 |
| 1B6 | One (1) iPod, Model A1137; S/N: YM6238VWTK2 |

| | |
|---|---|
| 1B5 | One (1) Powershot; No: 672031001721; with 32 GB memory card and 16 GB memory card in black bag |
| 1B4 | One (1) Dell Laptop; FCC ID: QDS-BRCM1028 |
| 1B3 | One (1) Dell Laptop, FCC ID: E2K24GBRL |
| 1B2 | One (1) Compaq Laptop, S/N: 00196-152-522-536 |
| 1B1 | One (1) iPad, Model A1430; S/N DKVJF0GYDVGM |
| 1B742 | (U) Two Hard Drives:<br>Fujitsu (S/N: K432T8126U00)<br>Seagate (S/N: 5VJ6XDFY) |
| 1B712 | ASUS Laptop (S/N: D9N0BC13114137H) and Charging Cable |
| N/A | Samsung Galaxy S-9 |