CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
AMY KARLIN (Bar No. 155016)
(E-Mail: Amy_Karlin@fd.org)
CRAIG HARBAUGH (Bar. No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
JOSEPH TRIGILIO (Bar No. 245373)
(E-Mail: Joseph_Trigilio@fd.org)
MICHAEL A. SCHACHTER (Bar No. 298610)
(E-mail: Michael_Schachter@fd.org)
Deputy Federal Public Defenders
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
STEPHEN BEAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN BEAL, <br><br> Defendant. | Case No. SA CR 19-0047-JLS <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT 3 FOR FAILURE TO STATE AN OFFENSE** <br><br> **Hearing Date: January 14, 2022** <br> **Time: 1:30 p.m.** <br> **Time Estimate: 30 Minutes** |

Stephen Beal, by and through his counsel of record, Deputy Federal Public Defender, Michael Schachter, hereby files this reply brief in support of his motion to

///
///
///
///
///

1

1  dismiss Count 3 for failure to state an offense.

                                              Respectfully submitted,

                                              CUAUHTEMOC ORTEGA
                                              Federal Public Defender

DATED: December 31, 2021     By  */s/ Michael A. Schachter*
                                              Michael A. Schachter
                                              Deputy Federal Public Defender
                                              Attorney for Stephen Beal

**REPLY BRIEF**

It is undisputed that Count 3 fails to state an offense unless either Count 1 or Count 2 alleges a crime of violence as a matter of law. Count 2 alleges a violation of 18 U.S.C. § 844(i). The government concedes in its opposition that it will not proceed under a theory that § 844(i) is a crime of violence. Thus, Count 3 must be dismissed unless Count 1 alleges a crime of violence.

Count 1 alleges a violation of 18 U.S.C. § 2332a(a)(2). The government contends § 2332a(a)(2) is a crime of violence but all of its arguments flow from the same faulty premise: the government insists that resulting death is an element of Count 1. But the plain language of § 2232a(a)(2) makes resulting death relevant only to enhance the penalty to include death; otherwise, the maximum penalty remains any term of years or life regardless of whether a death occurred. *See* Dkt. No. 292 at 3 n.2. Beal is not facing the death penalty, so the resulting-in-death allegation in the indictment is superfluous because that fact does not affect the penalty, and thus is not an element. *See Alleyne v. United States*, 570 U.S. 99, 108, 113 (2013) (any fact that increases the statutory minimum or maximum sentence is an "element" of the offense).

In an attempt to sidestep this reality, the government asserts that the categorical approach does not turn on what charge and elements the defendant actually faces at trial. *See* Dkt. No. 313 at 6-7. The government is mistaken, as its own cited case makes clear. *See id.* (citing *Mathis v. United States*, 136 S. Ct. 2243). As *Mathis* explains, "'[e]lements' are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." 136 S. Ct. at 2248 (internal quotation marks omitted). "At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant." *Id.* (internal quotation marks omitted). Here, because Beal is not facing the death penalty, the resulting-in-death allegation in the indictment is superfluous and thus will not be an element in the jury instructions at trial. The resulting-in-death allegation is not an element of the offense.

3

As discussed in the motion, § 2332a(a)(2) is categorically not a crime of violence as defined by 18 U.S.C. § 924(c)(3)(A) for multiple reasons. First and second, § 2332a(a)(2) is overbroad because it does not require the element of the use of force "against any person or property of another" as required under § 924(c)(3)(A). *See* Dkt. No. 292 at 3-5. Instead, where "property" is involved, a defendant can commit a § 2332a(a)(2) crime against his own property instead of the "property of another." And where a "person" is involved, a defendant can similarly commit a § 2332a(a)(2) crime against himself, as in an unsuccessful attempt to commit suicide, instead of "against the person . . . of another." *See id.* The government's argument that § 2332a(a)(2) is not overbroad depends on its false assumption that the resulting-in-death allegation in the indictment is an element of the offense. *See* Dkt. No. 313 at 6. But, as stated, it is not an element, so § 2332a(a)(2) is overbroad.

Third, as also discussed in the motion, Dkt. No. 292 at 5, a § 2332a(a)(2) offense does not necessarily involve the "physical force" required by § 924(c)(3)(A)—that is, "force capable of causing physical pain or injury." *United States v. Dominguez*, 954 F.3d 1251, 1258-59 (9th Cir. 2020). Once again, the government's argument in response depends on the resulting-in-death allegation being an element of the offense, which it is not. Specifically, the government relies on *United States v. Tsarnaev*, where the First Circuit held that a conspiracy to violate § 2332a(a)(2) was a crime of violence given that the resulted-in-death element that made that defendant eligible for his death sentence established the requisite level of violent physical force. 968 F.3d 24, 103-04 (1st Cir. 2020), *cert. granted on other grounds*, 141 S. Ct. 1683 (2021). Again, though, Beal is <u>not</u> facing the death penalty, so a death is not an element of his purported § 2332a(a)(2) offense. Further, the First Circuit did not consider the separate and independent grounds raised by Beal—that § 2332a(a)(2) is overbroad as compared to § 924(c)(3)(A) because a defendant can be convicted for using a destructive device against his own property or his own person.

4

Accordingly, for the reasons stated above and in the motion, neither § 844(i) nor § 2332a(a)(2) is a crime of violence that can support a conviction under § 924(c). Thus, the Court should dismiss Count 3.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 31, 2021        By  */s/ Michael A. Schachter*
                                            Michael A. Schachter
                                            Deputy Federal Public Defender
                                            Attorney for Stephen Beal