UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN WILLIAM BEAL,<br><br>　　　　　Defendant. | Case No. 8:19-CR-00047-JLS<br><br>ORDER DENYING MOTION IN LIMINE TO ADMIT FOREIGN RECORDS (DOC. 278) |

　　　　This matter is before the Court on the Government's Motion in Limine to Admit Foreign Records. (Doc. 278.) As set forth herein, the Court DENIES without prejudice the Government's Motion. The Government has failed to carry its burden as the proponent of foreign records, but it is free to seek admission of these records through a subsequent motion in limine or at trial.

　　　　Similar to domestic business records, foreign business records kept in the ordinary course of business fall into an exception to the rule against hearsay. While the admissibility of domestic business records is governed by Federal Rule of Evidence 803(6), in a criminal case, the admissibility of foreign business records is

governed by 18 U.S.C. § 3505. *United States v. Anekwu*, 695 F.3d 967, 976 (9th Cir. 2012) (noting the similarity between Rule 803(6) and § 3505). Section 3505 provides:

> (a)(1) In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests that—
>
> > (A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;
> >
> > (B) such record was kept in the course of a regularly conducted business activity;
> >
> > (C) the business activity made such a record as a regular practice; and
> >
> > (D) if such record is not the original, such record is a duplicate of the original;
> >
> > unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.
>
> (2) A foreign certification under this section shall authenticate such record or duplicate.
>
> . . . .
>
> (c) As used in this section, the term—
>
> . . . .
>
> (2) "foreign certification" means a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another qualified person that, if falsely made, would subject the maker to criminal penalty under the laws of that country . . . .

18 U.S.C. § 3505(a), (c).

As the proponent of hearsay evidence, the Government bears the burden of establishing that an exception to the rule against hearsay applies. *See Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 934 (9th Cir.) (noting that the proponent of hearsay evidence "bore the burden of establishing a foundation from which to conclude that the statement was within a hearsay exclusion"), *opinion amended on other grounds on denial of reh'g*, 313 F.3d 1093 (9th Cir. 2002).

At issue here is whether declarations offered by the Government qualify as "foreign certification[s]" within the definition set forth in § 3505(c)(2). And more specifically, the issue is whether either or both of the declarations offered by the Government were "made and signed" by a records custodian who "would [be] subject[ed] . . . to criminal penalty under the laws of [the declarant's] country." *Id.*

The Government has not met its burden of establishing that two records custodians would be subjected to criminal penalties in their home countries if they were to make false statements in their declarations.

The Government first offers the declaration of Ding Tao,[1] signed in the People's Republic of China. Tao states in his declaration that he understands that he "will be subject to criminal liability under the laws of People's Republic of China for an intentionally false statement" made in the declaration. (Doc. 324 at 49, Tao Decl.) However, Defendant has offered the declaration of an expert in Chinese law, Professor Benjamin L. Liebman, which tends to support a conclusion that a criminal penalty for a false declaration may be imposed under Chinese law only under specific circumstances, including the requirement that the declarant have knowledge that the declaration will be used in a criminal legal proceeding. (Doc. 324 at 27-31, Liebman Decl. ¶ 7.) Defendant also offers the declaration of his investigator, Victor Gomez, who states that he spoke with Tao, and that Tao told Gomez that he was unaware that the declaration was to be used in a criminal proceeding. (Doc. 324 at 24-26, Gomez

---

[1] The Tao Declaration was not attached to the Government's Motion. It is found, however, as Exhibit 3 to Defendant's Opposition. (*See* Doc. 324 at 49, Opp.)

Decl. ¶ 8.)  The Government has not rebutted this declaration.  (*See* Opp. at 4 ("As evidenced by defendant's own reliance on Mr. Liebman's opinions, expertise in Chinese law requires highly specialized education and skill. . . . The government has not hired an expert in Chinese law.").)  Accordingly, the Government has not met its burden to establish admissibility on the present record.

Instead, with its Opposition brief, the Government has offered the declaration of Cai Ying, another records custodian.[2]  But the Government has also not met its burden to establish that Ying's declaration qualifies as a "foreign certification."  Like Tao's declaration, Ying states in her declaration that she understands that she "will be subject to criminal liability under the laws of the Socialist Republic of Vietnam for an intentionally false declaration." (Doc. 370 at 15-17, Reply Ex. C, Ying Decl.).  But just as Tao may or may not be subject to criminal liability for a false statement in China, there is no indication that Ying would be subject to such criminal liability under Vietnamese law.  Defendant has presented the declaration of an expert in Vietnamese law, Professor Mark Sidel, who states that criminal penalties may be imposed only when a witness actually testifies in a Vietnamese court.  (*See* Sur-Reply, Sidel Decl. ¶¶ 13-18.)  The Government has not rebutted this declaration.  Accordingly, the Government has not met its burden to establish admissibility on the present record.

For the reasons set forth herein, the Court DENIES the Government's Motion without prejudice.

Notably, however, the Court rejects Defendant's arguments that the records do not meet the requirements of § 3505 because the Vietnamese subsidiary was not created before the records were created and that Ying was not employed until after the relevant records were created.  (*See* Sur-Reply at 5 & n.8.)  The relevant considerations, which are designed to ensure the trustworthiness of the records, are set

---

[2] Ying is employed by a Vietnamese subsidiary of the Chinese corporation that employs Tao.  (*See* Sur-Reply Ex. E.)

4

forth in § 3505(a)(1)(A)-(D), which mirror the requirements of Rule 803(6).  Where those considerations are met, the evidence falls into the exception to the rule against hearsay "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness."  18 U.S.C. § 3505(a)(1).  Nothing about the source of the information or the circumstances pointed out by Defendant suggest that the records "lack . . . trustworthiness."  *Id.*

Defendant's Confrontation Clause argument must likewise be rejected.  Defendant himself acknowledges that, in light of two controlling cases have held that foreign business records do not implicate his Confrontation Clause rights, he wishes merely to preserve the issue for appeal.  (*See* Opp. at 14 (citing *Anekwu*, 695 F.3d at 971, and *United States v. Hagege*, 437 F.3d 943, 958 (9th Cir. 2006).)

**IT IS SO ORDERED.**

DATED:  February 09, 2022

_____
The Hon. Joséphine L. Staton
United States District Judge