UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 8:19-CR-00047-JLS |
|---|---|
| Plaintiff, | |
| | ORDER DENYING MOTION TO DISMISS COUNT 3 (Doc. 292) |
| v. | |
| STEPHEN WILLIAM BEAL, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss Count 3. (Doc. 292.) The Motion is fully briefed. (*See* Docs. 313, 337 (Opp., Reply, respectively).)

As set forth below, the Court DENIES the Motion to Dismiss.

**I.     BACKGROUND**

Defendant is charged with, *inter alia*, the use of a weapon of mass destruction resulting in death, in violation of 18 U.S.C. § 2332a(a)(2) (Count 1) and use of a destructive device during and in relation to a crime of violence, in violation 18 U.S.C. § 924(c)(1)(B) (Count 3). (*See* Doc. 14, Indictment.) Generally, as in this case, a federal indictment that charges a § 924(c) violation contemporaneously charges at

least one separately-charged predicate offense.  *See, e.g., United States v. Lopez*, No. 1:19-CR-00014-DAD(BAM), 2019 WL 2077031, at *1 (E.D. Cal. May 10, 2019) (defendant charged in same indictment with § 924(c) offense and attempted armed bank robbery); *United States v. Mobley*, 344 F. Supp. 3d 1089, 1092 (N.D. Cal. 2018) (§ 924(c) offense tried concurrently with assault on a federal officer with a deadly or dangerous weapon); *United States v. Dorsey*, No. 2:14-CR-00328(B)-CAS, 2016 WL 3607155, at *1 (C.D. Cal. June 30, 2016) (defendant charged in same indictment with § 924(c) offense and Hobbs Act robbery).

Defendant moves to dismiss Count 3, arguing that the Indictment fails to charge a predicate "crime of violence" under the categorical approach.  (*See generally* Mot.)

## II.    LEGAL STANDARDS

### A.    Dismissal of Indictment

An indictment must set forth the elements of the charged offenses.  *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988).  The charges must be set forth "in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *Id.*  The allegations of the indictment are presumed to be true. *Id.* at 1445-46.  "An indictment that tracks the words of the statute violated is generally sufficient [if] implied, necessary elements, not present in the statutory language, [are] included in [the] indictment." *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995) "[T]he issue . . . is whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982).

### B.    Categorical Approach

The categorical approach was articulated by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), and *Descamps v. United States*, 570 U.S. 254

(2013). As to the federal offense of § 924(c), the Court looks to whether an offense, often separately charged in the same indictment, is a considered "crime of violence" such that the offense may serve as a predicate to the § 924(c) offense. *United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("[I]n the context of crime-of-violence determinations under § 924(c), our categorical approach applies regardless of whether we review a current or prior crime.").

The relevant inquiry has three steps. *Medina-Lara v. Holder*, 771 F.3d 1106, 1111-12 (9th Cir. 2014). First, courts determine whether the predicate matches the generic offense or generic federal definition, that is, whether the proffered predicate offense "criminalizes only as much (or less) conduct than the generic offense." *Id.* at 1112 (citing *Taylor*, 495 U.S. at 600). In cases involving past convictions, courts effectively "presume that the conviction rested upon . . . the least of th[e] acts" criminalized by the predicate offense. *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (citation omitted). If there is a categorical match, that is, if the least of the acts criminalized match the generic offense, consideration of the other steps is unnecessary, and the statute of conviction constitutes a predicate offense. *Medina-Lara*, 771 F.3d at 1112. If there is no categorical match, the statute of conviction is considered "overbroad." *Id.* Stated succinctly, and stated specifically as to such determinations under § 924(c), "[u]nder the categorical approach, the crime-of-violence determination functions as an on-off switch: An offense qualifies as a crime of violence in all cases or in none." *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (internal alteration marks and quotation marks omitted). Where there is no categorical match, further consideration is necessary, and courts proceed to the second and third steps.

Step two asks whether the relevant statute is divisible. A statute is divisible where it "lists multiple, alternative elements, and so effectively creates several different . . . crimes." *Descamps*, 570 U.S. at 264 (quotation marks omitted). Divisibility depends on whether a statute's "listed items are elements or means."

3

*Mathis v. United States*, 136 S.Ct. 2243, 2256 (2016). Where the listed items do not define crimes with differing elements, those listed items may simply be different means (that is, different ways) of committing the same crime. Determining whether listed items are elements or means may be answered in a number of ways, including: by a state court decision; by whether the statute specifies differing punishments (in which case they are elements) or specifies illustrative examples (in which case they are means); or by whether the statute specifies "which things must be charged (and so are elements) and which need not be (and so are means)." *Mathis*, 136 S. Ct. at 2256. If the statute is not divisible, the inquiry ends, there is no categorical match, and there is no predicate offense. *Medina-Lara*, 771 F.3d at 1112 (noting that "an indivisible, overbroad statute can *never* serve as a predicate offense") (emphasis in the original).

If the statute is divisible, step three requires that a comparison be made between the elements of the (now properly "divided") statute of conviction and the elements of the generic offense. *Id.* Termed the "modified categorical approach," if the comparison of this step results in a categorical match, the statute of conviction, properly divided, constitutes a predicate offense. *Id.* at 1112-13.

### C. Count 3: Use of a Destructive Device During and in Relation to a Crime of Violence

Count three charges a firearm-related offense that enhances the sentence for persons who are convicted of "any crime of violence." More specifically, Defendant is charged with the use of a "destructive device" under § 924(c)(1)(B)(ii) during and in relation to any crime of violence. The "destructive device" referred to in subsection (c)(1)(B)(ii) is a "firearm" within the meaning of subsection (c)(1)(A).[1]

Specifically, § 924(c) provides:

---

[1] Elsewhere in the criminal code, the term "destructive device" is defined as including "any explosive, incendiary, . . . poison gas, bomb, grenade, . . . or [similar] device." 18 U.S.C. § 921(a)(4). A "[d]estructive device" is considered a type of "firearm" under that same statute. *See* 18 U.S.C. § 921(a)(3)(D) ("The term 'firearm' means . . . (D) any destructive device.").

4

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> >
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
>
> (B) If the firearm possessed by a person convicted of a violation of this subsection—
>
> > (i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or
> >
> > (ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

18 U.S.C. § 924(c).

In relevant part, "crime of violence" is defined as "an offense that is a felony and [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (referred to as "the elements clause" or "the force clause").

Case 8:19-cr-00047-JLS   Document 446   Filed 02/09/22   Page 6 of 9   Page ID #:10878

### D. Count 1 (Predicate Offense)[2]

Only Count 1 is offered by the Government as a predicate offense. Count 1 charges a violation of 18 U.S.C. § 2332a(a)(2). In relevant part, the statute provides:

> (a) Offense against a national of the United States or within the United States.—A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction . . .
> (2) against any person or property within the United States, and [an interstate or foreign commerce element is met] . . . shall be imprisoned for any term of years or for life, and if death results, shall be punished by death or imprisoned for any term of years or for life.

18 U.S.C. § 2332a(a)(2) (paragraph structure altered).

### III. DISCUSSION

At step one of the categorical approach, Defendant argues that § 2332a is not categorically a crime of violence. He argues § 2332a does not necessarily require force against "the property of *another*" or "against the person . . . of *another*." (Mot. at 4 (emphasis added, citing § 924(c)(3)(A)).) Defendant uses the example of the hypothetical prosecution of a person who is accused of attempting to blow up his own property in an unsuccessful suicide attempt. (Mot. at 4-5.) According to Defendant, because such conduct could be prosecuted under § 2332a under these circumstances, § 2332a is not categorically a crime of violence. Defendant also argues that the offense does not categorically involve "force capable of causing physical pain or injury," and offers the example of the use of a bomb at such a distance as to frighten but not to injure. (Mot. at 5.)

The Government contends that, under the second step of the analysis, the modified categorical approach reveals that § 2332a "criminalizes two types of

---

[2] Although the Indictment specifies both Counts 1 and 2 as predicate crimes of violence, it its Opposition, the Government represents it will proceed with only Count 1 as a predicate offense. Therefore, the Court's analysis is limited to whether Count 1 is a proper predicate "crime of violence." (Opp. at 1 (representing that the Government "will not proceed under a theory that [Count 2] is a crime of violence.").)

6

conduct:  conduct that results in death and conduct that does not." (Opp. at 4.)  On this point, Defendant does not address indivisibility or divisibility directly; instead, he simply argues that the basis for the Government's approach to divisibility is irrelevant because the Government has disavowed the intent to seek the death penalty in this case.  (Mot. at 4-5.)  According to Defendant, because the only difference between the "two type of crimes" identified by the Government is the enhanced penalty when "death results" from the offense, and because the Government is not seeking that enhanced penalty, "the death allegation is surplusage and is not an element of Count 1 as it will be presented to the jury." (Mot. at 4 n.2.)  This argument essentially proceeds past the second step of the analysis and posits that, even assuming there is an overbroad statute that can be divided, the predicate offense charged here falls on the wrong side of that divide.

      The Court concludes the statute is divisible as suggested by the Government.  Section 2332a broadly prohibits the use of, threatened use of, or attempted use of "a weapon of mass destruction"[3] in various contexts; it prohibits conspiracies to commit these acts as well.  For instance, in additional to prohibiting these acts against "person[s] or propert[ies] within the United States," the statute also prohibits these acts against a United States national on foreign soil, against property to which the United States has property rights, and against property in the United States to which a foreign government has rights.  *See* 18 U.S.C. § 2332a(a)(1)-(4).

      Relevant to divisibility, the statute adds an increased penalty "if death results."  18 U.S.C. § 2332a(a).  As noted, the question of divisibility involves whether the statute "lists multiple, alternative elements, and so effectively creates several different . . . crimes." *Descamps*, 570 U.S. at 264 (quotation marks omitted).  And divisibility depends on whether a statute's "listed items are elements or means" of committing the crime. *Mathis*, 136 S.Ct. at 2256.  Where there is an enhanced punishment, it is an

---

[3] The term "weapon of mass destruction" as used in § 2332a expressly includes "any destructive device as defined by section 921."  18 U.S.C. § 2331.

element rather than a means. *Id.* Here, the punishment enhancement for causing death is an additional element, making the statute divisible on this point.

As divided, and as charged, Count 1 falls on the side of the divide that is categorically a crime of violence. Defendant's attempted reasoning away of an element of the offense is unpersuasive. The Indictment charges that the offense resulted in death. Therefore, the elements of the offense are: (1) The use, threatened use, or attempted use (2) of a weapon of mass destruction (3) against any person or property within the United States, (4) resulting in death, (5) where this offense has an interstate or foreign commerce nexus. *See* 18 U.S.C. § 2332a(a). Comparing these elements to the elements clause of the "crime of violence" definition, the crime of use of a weapon of mass destruction resulting in death will necessarily always (that is, categorically) have "an element the use, attempted use, or threatened use of physical force against the person . . . of another." 18 U.S.C. § 924(c)(3)(A). In a similar context,[4] the Supreme Court noted that "the phrase 'physical force' means *violent* force—force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). It takes no great leap of logic to conclude that "force capable of causing . . . injury to another person" will always be found when "death results" from the use of a weapon of mass destruction.[5]

The Court's holding is in accord with case law upon which the Government relies. Most closely factually similar, the Government relies on *United States v. Tsarnaev*, 968 F.3d 24, 104 (1st Cir. 2020), *cert. granted on other grounds*, 141 S. Ct. 1683, 209 L. Ed. 2d 463 (2021). (*See* Opp. at 5.) In *Tsarvaev*, the First Circuit

---

[4] *Johnson* considered the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), which uses language identical to the definition of "crime of violence" found in § 924(c)(3)(A).

[5] Defendant does not argue his hypothetical prosecution for attempted suicide is possible where his own "death results." (*Cf.* Opp. at 6 ("Defendant posits an attempted suicide hypothetical, but a failed attempt would not result in death and a successful suicide would leave no defendant to prosecute.").) Nor would such an argument further his cause. Although courts analyze predicate offenses categorically, there still must be "a realistic probability" rather than a mere "theoretical possibility" that the predicate offense would fall outside the generic crime-of-violence offense. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Therefore, in the absence of an example of a posthumous prosecution of a defendant for his own death, this argument would fail.

concluded that a conspiracy that violates § 2332a and results in death was a "violent felony" within the meaning of the ACCA. The ACCA, as noted above, defines "violent felony" using the same language as the "crime of violence" definition at issue here. The First Circuit applied the modified categorical approach to § 2332a, noting that it was "divisible into two branches: one in which there is no "death results" element . . . and one in which "death results" is an element." *Id.* at 104-05. According to the First Circuit, the "the 'death results' element changes things" because "any crime for which 'death results' . . . is an element [that] satisfies the ACCA's "violent force" requirement. *Id.* at 104. As discussed herein, the Court agrees.

## IV. CONCLUSION

As set forth herein, because Count 1 is a proper predicate offense underlying Count 3, the Court DENIES Defendant's Motion to Dismiss

**IT IS SO ORDERED.**

**DATED: February 09, 2022**

_____
The Hon. Josephine L. Staton
United States District Judge