CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
AMY KARLIN (Bar No. 155016)
(E-Mail: Amy_Karlin@fd.org)
CRAIG HARBAUGH (Bar No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
JOSEPH A. TRIGILIO (Bar No. 245373)
(E-Mail: Joseph_Trigilio@fd.org)
MICHAEL A. SCHACHTER (Bar No. 298610)
(E-mail: Michael_Schachter@fd.org)
Deputy Federal Public Defenders
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
STEPHEN BEAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>STEPHEN BEAL,<br><br>           Defendant. | Case No. SA CR 19-00047-JLS<br><br>**DEFENDANT'S MOTION FOR EXHIBIT LIST**<br><br>**Hearing Date: March 25, 2022[1]**<br>**Time: 1:30 p.m.**<br>**Time Estimate: 15 Minutes** |

---

[1] The parties submitted a stipulation proposing March 25, 2022 as a hearing date for the instant motion. *See* Dkt. No. 455.

Defendant Stephen Beal, by and through his attorneys of record, Deputy Federal Public Defenders Amy Karlin, Craig Harbaugh, Joseph Trigilio, and Michael Schachter, hereby moves for an order requiring the government to disclose its exhibit list and electronic copies of its exhibits on or before April 1, 2022.  This motion is based on the attached memorandum of points and authorities, the Declaration of Michael Schachter ("Schachter Decl."), the files and records of this case, and any further evidence presented at the hearing on this motion.  The parties have met and conferred about the substance of this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 18, 2022                By */s/ Michael Schachter*
                                                            MICHAEL SCHACHTER
                                                            Deputy Federal Public Defender
                                                            Attorneys for Stephen Beal

## MEMORANDUM OF POINTS AND AUTHORITIES

This is far from a typical criminal case. Instead, as the Court noted in ordering the government to produce a witness list to facilitate an orderly progression of trial, "[t]his is a complex trial that is expected to be conducted over the course of approximately ten weeks." Dkt. No. 228 at 2. The government has identified 168 witnesses it plans to call at trial, designated dozens of experts, and produced terabytes of discovery. The defense expects that the government will seek to introduce hundreds of exhibits interspersed within its voluminous witness testimony.

Given the sheer volume of anticipated evidence, it is crucial for the orderly progression of trial that the parties work out as many agreements as possible about the admissibility of evidence before trial, and to likewise bring any disputed issues to the Court's attention as soon as possible.

Early disclosure of a government exhibit list is essential for achieving both of these objectives. Accordingly, the defense discussed the timing of this disclosure with the government during a December 29, 2021 teleconference. Schachter Decl., ¶ 2. The defense explained that prompt disclosure would enable the parties to enter stipulations and resolve disputed issues before trial. *Id.* The government agreed disclosure of an exhibit list would facilitate working out stipulations and stated it anticipated disclosing its list in about three weeks, which would have been January 19, 2022. *Id.* However, it did not disclose an exhibit list on that date. *Id.*

On January 21, 2022, the Court ordered the parties to meet and confer and file a stipulation regarding the trial date and a proposed schedule. Dkt. No. 414. Consistent with that order and the parties' previous discussions, the defense proposed that the government disclose its exhibit list and electronic copies of exhibits on March 15, 2022, but the government refused to agree to <u>any</u> deadline for an exhibit list, requiring the parties to instead resolve this issue through motion practice. Schachter Decl., ¶ 3.

It is well settled that "the district court is charged with effectuating the speedy and orderly administration of justice." *U.S. v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir.

2008) (en banc).  "There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."  *Id.* at 508-09.

Accordingly, a district court has the "inherent power to control [its] dockets," including by ordering pretrial discovery "not inconsistent" with the federal rules or statutes.  *W.R. Grace*, 526 F.3d at 509-10 (internal quotation marks omitted); *see also id.* at 511 ("[N]othing in Rule 16 expressly prohibits the district court from ordering additional pretrial discovery or disclosures that will also further the objectives set forth in Rule 2.").

Here, early disclosure of the government's exhibit list is essential for facilitating stipulations and resolving disputed issues before trial, so as to ensure the orderly progression of trial.  A contrary approach in which the parties instead hash out all of their evidentiary disputes in real time at trial simply isn't practicable given the scope of this case: Court resources and jury time would be repeatedly wasted, and the trial would quickly turn into a logistical nightmare for all involved.

Moreover, the government will not be prejudiced by an order requiring it to disclose an exhibit list.  To the contrary, it represented at the Court's January 21, 2022 status conference that it is already ready for trial.  Thus, its exhibit list is presumably already prepared or near completion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

For these reasons, the defense respectfully requests that the Court order the government to disclose its exhibit list and electronic copies of its exhibits by April 1, 2022.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 18, 2022      By */s/ Michael Schachter*
                              MICHAEL SCHACHTER
                              Deputy Federal Public Defender
                              Attorneys for Stephen Beal

**DECLARATION OF MICHAEL SCHACHTER**

I, Michael Schachter, hereby state and declare as follows:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California and I am admitted to practice in this Court. I represent Mr. Beal in this case.

2. The defense and government discussed the timing of the government's disclosure of its exhibit list during a December 29, 2021 teleconference. The defense explained that prompt disclosure would allow the parties to enter stipulations and resolve disputed issues before trial. The government agreed disclosure of an exhibit list would facilitate working out stipulations and stated it anticipated disclosing its exhibit list in about three weeks, which would have been January 19, 2022, but it did not disclose an exhibit list on that date.

3. On January 21, 2022, the Court ordered the parties to meet and confer and file a stipulation regarding the trial date and a proposed schedule. Dkt. No. 414. Consistent with that order and the parties' previous discussions, the defense proposed that the government disclose its exhibit list and electronic copies of exhibits on March 15, 2022, but the government refused to agree to any deadline for an exhibit list.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on February 18, 2022 at Santa Ana, California.

                                                            */s/ Michael Schachter*
                                                           MICHAEL SCHACHTER