TRACY L. WILKISON
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
ANNAMARTINE SALICK (Cal. Bar No. 309254)
WILSON PARK (Cal. Bar No. 239527)
MARIA JHAI (Cal. Bar No. 283059)
     Assistant United States Attorneys
     Terrorism and Export Crimes Section
     United States Attorney's Office
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3500
     Facsimile: (714) 338-3561
     Email:   mark.takla@usdoj.gov
              annamartine.salick2@usdoj.gov
              wilson.park@usdoj.gov
              maria.jhai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-047-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR EXHIBIT LIST; DECLARATION OF MARK TAKLA |
| v. | |
| STEPHEN WILLIAM BEAL, | Hearing Date: March 25, 2022 |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and undersigned counsel hereby files this Opposition to Defendant's Motion for Exhibit List. (Dkt. 456.)

     This Opposition is based upon the attached memorandum of points

//

and authorities, Declaration of Mark Takla, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated:  March 4, 2022                    Respectfully submitted,

                                         TRACY L. WILKISON
                                         United States Attorney

                                         CHRISTOPHER D. GRIGG
                                         Assistant United States Attorney
                                         Chief, National Security Division


                                              /s/  *Maria Jhai*
                                         MARKA TAKLA
                                         ANNAMARTINE SALICK
                                         WILSON PARK
                                         MARIA JHAI
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3      The government is amenable to early disclosure of its exhibit

4 list and exhibits, and does not object to disclosure on a date no

5 earlier than **May 31, 2022.**  That is one week before the pretrial

6 conference, and two weeks before trial.  Two weeks in advance of

7 trial is consistent with orders by other courts managing complex

8 cases--where courts even grant such requests--and is fully adequate

9 to facilitate pretrial ventilation of disputes and objections.  The

10 government should be permitted to reasonably amend and supplement the

11 list as trial proceeds.  To the extent the Court orders early

12 disclosure of the government's exhibit list and exhibits, the

13 government requests that the Court set a date earlier than the first

14 day of defendant's case for disclosure of defendant's exhibit list

15 and exhibits.

16      Defendant's request for the government's disclosures more than

17 ten weeks before trial is supported only by a generalized reference

18 to the objective of facilitating pretrial resolution of disputes.

19 The government has no quarrel with that objective, but defendant

20 provides no particular explanation, and cites no comparable case, as

21 to why the defense needs more than two months before trial starts to

22 review and formulate objections to exhibits that it would in the

23 normal course receive on the first day of trial.  Defendant also

24 ignores that the parties will naturally attempt to reach pretrial

25 stipulations to foundation and admissibility, even absent any hard

26 deadline for disclosure.  Indeed, defendant's proposal is likely to

27 result in inefficiencies in dispute resolution with no benefit to the

28 parties or the Court.

Thus, the government asks the Court to order disclosure of the exhibits and exhibit list no earlier than May 31, 2022.  Any order should permit the government to reasonably amend or supplement its exhibit list as trial proceeds.

## II.  ARGUMENT

### A.  The Court Should Order Disclosure No Earlier Than Two Weeks Before Trial

Defendant argues that disclosure of the government's exhibits and exhibit list on April 1, 2022—more than ten weeks before trial--is "essential" so that the parties may work out agreements about the admissibility of evidence and bring disputed issues to the Court's attention.  (Mot. at 3.)  As noted, the government shares those objectives, but they do not support the order defendant seeks, for several reasons.

**First**, to be clear, a defendant's pretrial access to the government's exhibit list is not mandatory and not a matter of right.  See, e.g., United States v. Prince, 618 F.3d 551, 562 (6th Cir. 2010) ("Rule 16 does not entitle a defendant to pretrial disclosure of the government's exhibit list.").  It is not uncommon, and certainly not improper, for courts to exercise their discretion to decline to grant requests for early disclosure.  See, e.g., United States v. Johnson, No. SACV 13-00190-CJC, 2016 WL 4055635, at *7 (C.D. Cal. July 25, 2016) (Carney, J.) (denying motion to compel disclosure of exhibit list two weeks before trial); Prince, 618 F.3d at 562 (affirming denial of motion to compel disclosure of exhibit list seven days before trial).  Consistent with this, this Court's standing order provides that the government's exhibit lists and exhibits shall be disclosed on the first day of trial, not sooner.  (Order Re Criminal

1   Proceedings, at 3-4.)

2      **Second**, ten-plus weeks is exceedingly far in advance of trial

3   for a disclosure that is not even required before trial in the normal

4   course.  Defendant fails to justify the request other than to gesture

5   generally to the anticipated length of trial and number of exhibits

6   (Mot. at 3), but that is not an adequate explanation.  The only

7   decision cited by defendant, United States v. W.R. Grace, 526 F.3d

8   499 (9th Cir. 2008), is not remotely analogous, where, as the Ninth

9   Circuit observed, the case involved "a relevant time period spanning

10  nearly thirty years and potentially more than a thousand victims."

11  Id. at 503.  The instant case may be complex but it is on a wholly

12  different scale, with three victims and a much more discrete core

13  incident.

14      In contrast to W.R. Grace, many courts faced with less

15  extraordinary complexity tend to measure the pretrial window in just

16  weeks or days, not months.  See, e.g., United States v. Giffen, 379

17  F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (declining request for

18  disclosure two months before trial and ordering disclosure of

19  "preliminary" list no later 30 days before trial); United States v.

20  Hamm, No. 5:16-CR-50173-JLV, 2017 WL 6734182, at *1 (D.S.D. Dec. 30,

21  2017) (ordering disclosure by January 12, for January 30 trial); Cf.

22  Johnson, 2016 WL 4055635, at *7 (declining to order disclosure but

23  observing that disclosing six days before trial would streamline the

24  trial process and permit the parties to address disagreements before

25  trial).  This is so even in document-intensive cases.  See Giffen,

26  379 F. Supp. 2d at 344 ("450 boxes of documents, containing more than

27  one million pages").  These cases are not authoritative, but they are

28  illustrative of the scope of the Court's discretion and the

                                    3

comparable excess of defendant's request here.

**Third**, defendant fails to acknowledge that the parties can resolve many issues of admissibility themselves, voluntarily, and have an incentive to do so.  In other words, even without any order from this Court, the parties will surely meet and confer to narrow issues and discuss reasonable stipulations to foundation and admissibility in advance of trial.  That is routine trial practice. Disclosure of the exhibit list is thus not an all-or-nothing proposition with respect to orderly proceedings.  This Court, like other courts have done, can leave it to the parties to anticipate and raise issues of admissibility and foundation without imposing "hard disclosure deadlines" for that purpose.  Johnson, 2016 WL 4055635, at *7 (declining to impose a "hard disclosure deadline[]" and observing, "Counsel for both the government and Defendant are capable and can be expected to cooperate in the exchange of the relevant materials before trial").

**Fourth**, defendant's premise that earlier disclosure will lead to more efficient dispute resolution merits scrutiny.  (See Mot. at 4.) To the contrary, early disclosure may incentivize resolution of disputed issues through motion practice entailing lengthy written briefs by both parties, which--if unnecessary--is not more efficient for the Court or the parties.  Here, there is no reason to believe that written motion practice as to admissibility or foundation is needed to protect either the defendant's or the government's interests.  Indeed, evidentiary objections are routinely raised and resolved in the course of trial.  To the extent disclosure of the list gives rise to issues that require court resolution, disclosure on May 31, 2022 will allow the parties adequate time to identify

4

those issues and raise them at the pretrial conference.  A longer
pretrial window, rather than being beneficial, is likely to invite
inefficiencies.

**Fifth**, defendant is wrong to suggest there is no prejudice to
the government.  (Mot. at 4.)  Disclosure of the government's
exhibits and exhibit list necessarily discloses trial strategy,
contrary "to at least the spirit of Rule 16(a)(2)."  United States v.
McDade, No. CRIM. A. 92-249, 1992 WL 382351, at *2 (E.D. Pa. Dec. 11,
1992) (concluding, in corruption case against congressman, "for me to
force the government to set forth its trial plans in mid-December for
a trial which starts at the end of March would be to compel too
much"); see also Fed. R. Crim. P. 16(a)(2) (work product "not subject
to disclosure").  Here, where there is no clear countervailing
interest to justify the months-early disclosure that defendant seeks,
there is no need to cause that imposition on the government's
presentation of its case.

**Sixth**, any order for disclosure should permit the government to
reasonably amend or supplement the list.  See, e.g., Giffen, 379 F.
Supp. 2d at 344 (ordering disclosure of "preliminary" list and
providing that "[t]he Government may supplement its exhibit list at
any time, including during trial, in good faith").  Defendant does
not appear to seek an order precluding reasonable amendment as trial
proceeds, and certainly does not explain how that could possibly
prejudice defendant.

Finally, it is worth noting that the government has not
defaulted on any prior promise for earlier disclosure; no such
promise was made.  (See Mot. at 3.)  In the December 29, 2021,
telephone communication, and based on the previously set trial date

5

of February 15, 2022, government counsel stated it believed it could provide an exhibit list approximately three weeks thereafter, which would have been approximately three weeks before trial.  (Takla Decl. ¶ 2.)  The statement was not an agreement or promise to provide the list on a particular date.  (Id.)  In the weeks following that conversation, the Central District suspended jury trials twice, including the January 19, 2022 Order of the Chief Judge that eclipsed the trial date in this case.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court order disclosure of the government's exhibits and exhibit list no earlier than May 31, 2022, and that the Order specify that the government may reasonably amend or supplement the list as needed through trial.  Further, to the extent the Court orders early disclosure, the government requests that the Court set a date earlier than the first date of defendant's case for disclosure of defendant's exhibit list and exhibits.

**<u>DECLARATION OF MARK TAKLA</u>**

I, Mark Takla, declare as follows:

1.   I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California.  I am one of the attorneys representing the government in <u>United States v. Stephen William Beal</u>, SA CR 19-047-JLS.

2.   On December 29, 2021, the parties met and conferred regarding motions filed on January 3, 2022.  At the end of telephone call, defense counsel asked when the government expected to disclose its witness list.  Government counsel stated he believed it would be ready in approximately three weeks.  Counsel's statement was not intended to be an agreement or promise to disclose on any particular date, only as to an estimation as to when it would be ready, which at the time was approximately three weeks prior to the trial date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed in Santa Ana, California, on March 3, 2022.

_Mark Takla_

_____
MARK TAKLA

7