UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

Case No.  SACR 19-00047 JLS                                            Date:  May 13, 2022

Present:  **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

Interpreter     NONE

| D. Rojas | NONE | NOT PRESENT |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Stephen William Beal | NOT | | | Cuauhtemoc Ortega<br>Amy Karlin<br>Jason Hannan<br>Joseph Trigilio<br>Michael A. Schachter | NOT | X | |

**PROCEEDINGS:     (IN CHAMBERS)  ORDER DENYING APPLICATION FOR REVIEW/RECONSIDERATION (DOC. 547)**

The defense seeks reconsideration of the Court's detention order in this case.[1]  (*See* Doc. 547.)  Specifically, Defendant seeks release pursuant to 18 U.S.C. § 3142(i), which permits "temporary release of the person, in the custody of a United States marshal or another appropriate person" where "the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  Defendant contends that release is "necessary for preparation of the person's defense," and the "facts not previously considered . . . or changed circumstances" justifying reconsideration are the length and complexity of the case, and the possibility of defendant testifying in the defense case.  (Doc. 547 at 1.)

However, nothing identified by Defendant constitutes either new facts or changed circumstances; the case was clearly complex from its inception.  (*See e.g.,* Doc. 18, Notice to

---

[1] The filing seeks a hearing before the Magistrate Judge.  (*See* Doc. 547-1.)  However, ultimately, the relief sought is for relief from the Order of Detention, which has been adopted by the Court after de novo review.   (*See* Doc. 88.)  Therefore, the matter is addressed by this Court directly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

Case No.  SACR 19-00047 JLS                                       Date:  May 13, 2022

Court of Complex Case.)  Moreover, preparation of this case has been underway for years,[2] and Defendant's application offers no facts to show that he has had insufficient opportunity to meet with counsel or otherwise prepare for trial.

     Finally, the Court has already found, and the Ninth Circuit has affirmed, that no condition or combination of conditions would reasonably assure Defendant's appearance at trial or assure the safety of the community.  (*See* Docs. 10 (Order of Detention), 71 (Order of Magistrate Judge Denying Application for Reconsideration), 88 (Order of District Judge Denying Application for Reconsideration), 98 (Ninth Circuit Order affirming denial of pretrial release).)  Defendant offers no facts that would alter the Court's findings supporting this conclusion.  Therefore, no new information shows that Defendant is less likely to fail to appear for trial, or is less likely to pose a danger to others and the community.

     Accordingly, the Court finds that Defendant's Application does not identify facts that warrant reopening the detention hearing.

     **IT IS SO ORDERED.**

                                                      Initials of Deputy Clerk:  droj

---

[2] Indeed, the challenges inherent in preparing for this complex case were acknowledged by the Magistrate Judge over eighteen months ago, at the height of pandemic restrictions in September 2020:

> The Court is mindful of the logistical difficulties faced by defense counsel and defendants in preparing for trial caused by procedures in place at various institutions at which pretrial detainees are housed.  As discussed at the hearing, the Court is hopeful that counsel for the parties will work collaboratively among themselves and with the Santa Ana Jail to attempt to devise procedures which will minimize those difficulties and enable counsel to provide the constitutionally mandated effective assistance of counsel, while at the same time recognizing the Santa Ana Jail's legitimate and compelling interests in institutional security and safety.

(Doc. 71 at 10.)  Thus, the parties were given direction even at that time.  Although the defense has no doubt been inconvenienced, there is no indication in the record that, in the time since the Magistrate Judge ruled, defense counsel has lacked meaningful access to Defendant to prepare pretrial motions and to prepare for trial.