| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:19-CR-00047-JLS |
| Plaintiff, | FURTHER ORDER GRANTING IN PART MOTION TO EXCLUDE EXPERT EVIDENCE (Doc. 473) |
| v. | |
| STEPHEN WILLIAM BEAL, | |
| Defendant. | |

As set forth in the Court's April 14, 2022 Order, and as discussed in the hearing on April 1, 2022, the Court ordered additional disclosures regarding the qualifications of Defendant's trace evidence expert Christopher Palenik. (*See* Doc. 520, Order Granting in Part Motion to Exclude Expert Evidence and Requiring Additional Expert Disclosures at 8-10, 17 ("Apr. 14, 2022 Order").) The Court has reviewed the parties' post-hearing filings. (*See* Docs. 536 ("Gov't Supp. Info."), 546 ("Def. Resp."), 548 ("Reply").) Defendant's post-hearing disclosure letter is attached as an exhibit to the Government's supplemental filing. (*See* Doc. 536 at 12-14, Ex. E ("Apr. 22, 2022 Discl. Ltr.").)

As to the expert's qualifications to opine in the specialized area of post-explosion trace evidence, although offering additional argument and characterizations of the expert's qualifications, Defendant has simply not provided any additional substantive disclosure that indicates that the expert is sufficiently qualified to offer opinions based on his experience in this specialized area. (*See generally* Def. Resp.; Apr. 22, 2022 Discl. Ltr.) Specifically, attending an unspecified number of workshops and working on an unknown number of "cases" and "projects" in an unspecified capacity is not sufficient to allow Palenik to opine as to what trace evidence should or should not be present post-blast.

On this issue, notably, the defense criticizes the Government as overstating the extent of Palenik's expected testimony. It represents that "Palenik is *not* providing an opinion that certain items *should* or *should not* exist post-blast. He is *not* providing an opinion that a particular piece of evidence was or was not a part of an IED." (Def. Resp. at 1 (internal quotation marks omitted; emphasis in the original).) But this criticism is difficult to reconcile with the representation made by the defense on the very next page, which states that "Palenik's critique is based on . . . the lack of physical evidence representing certain components of a purposed IED and a lack of trace of physical evidence representing the requisite components stated by the government's experts." (*Id.* at 2 (internal quotation marks omitted).) Both of these

2

statements address Palenik's opinions on what evidence is expected to be discovered after an IED explodes and on whether the items that were discovered at 11 Mareblu were part of an IED.  Characterizing Palenik's role as merely "critiqu[ing] the methodology and analysis of Government explosive-device experts" (Def. Resp. at 1), does not diminish the need to demonstrate his expertise in post-blast trace evidence analysis.  Therefore, he may not offer expert testimony criticizing the conclusions drawn by Government experts Morefield and Finnerty regarding the trace evidence believed to have been either "near the explosion" or in "intimate contact with the explosive."

      Nor may Palenik opine that certain terms used by these two experts lack any standardized definition.  (*See* Def. Resp. at 2 (noting that "Morefield and Finnerty failed to use standardized language when discussing items in close proximity or in intimate contact with a bomb").)  The meanings assigned to these terms by the experts can be explored by defense counsel on cross examination.

      Nevertheless, Palenik has now sufficiently disclosed the basis for his conclusion that the longitudinal ridgelines or seams on the wire fragments do not necessarily indicate that the fragments came from a multi-conductor cord, and he may testify on that topic.  (*See* Apr. 22, 2022 Discl. Ltr. at 3.)  This ruling does not undermine the Court's determination that the Government's experts should be permitted to testify to the contrary.  (*See* Doc. 500, Order Denying Motions to Exclude Expert Evidence at 8 & n.1, 15-16.)

      Similarly, this Order does not change the Court's earlier rulings that Palenik may testify "regarding how the Government's experts' use of particular equipment or particular methods limit the results of their analyses," that he may testify regarding his analysis of the raw data regarding Item 310, and that he may testify regarding the visual differences between the cardboard remnant and the exemplar box. (*See* Apr. 14, 2022 Order at 10.)

Finally, Palenik may not opine that certain evidence is sufficient for investigative purposes but not sufficient for prosecutorial purposes. (*See* Gov't Supp. Info. at 1-4; Apr. 22, 2022 Discl. Ltr. at 2-3; Def. Resp. at 5-6.) In addition to being a new, untimely opinion, such an opinion invades the province of the jury in carrying out its fact-finding role and, in any event, is neither within the scope of Palenik's expertise nor generally the proper subject of expert opinion.

**IT IS SO ORDERED.**

**DATED:** May 25, 2022

**JOSEPHINE L. STATON**
―――――――――――――――――――
The Hon. Josephine L. Staton
United States District Judge
