CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CRAIG HARBAUGH (Bar No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
JOSEPH TRIGILIO (Bar No. 245373)
(E-Mail: Joseph_Trigilio@fd.org)
MICHAEL A. SCHACHTER (Bar No. 298610)
(E-Mail: Michael_Schachter@fd.org)
Deputy Federal Public Defenders
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone:  (714) 338-4500
Facsimile:  (714) 338-4520

*Attorneys for Defendant*
*Stephen Beal*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. SA CR 19-00047-JLS |
| Plaintiff, | |
| v. | **OBJECTIONS TO GOVERNMENT'S LATE-DISCLOSED AND OUT-OF-ORDER WITNESSES** |
| STEPHEN BEAL, | |
| Defendant. | |

1    Stephen Beal, by and through his counsel of record, Deputy Federal Public

2  Defender Michael Schachter, files his "Objections to Government's Late-Disclosed and

3  Out-of-Order Witnesses."  The defense notified the government of its planned

4  objections on June 17th, stated that it intended to file them in the afternoon given the

5  upcoming long weekend, and requested that the government promptly notify the

6  defense if it wished to discuss the objections before the defense filed them.  The

7  government responded that it understood the defense's positions and that it would be

8  ready to address them with the Court on Tuesday.

9

10                                      Respectfully submitted,

11                                      CUAUHTEMOC ORTEGA
                                        Federal Public Defender

12

13  DATED: June 17, 2022              By */s/ Michael Schachter*
                                        _____
14                                      MICHAEL SCHACHTER
                                        Deputy Federal Public Defender
15                                      Attorney for Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28

## **OBJECTIONS AND RELIEF SOUGHT**

The Court's order at the Final Pretrial Conference regarding witness disclosures was unambiguous: each party would provide the other party with the list of all the witnesses it may call on a particular trial day two full court days in advance of that day—in other words, by 9:00 a.m. two court days before the trial day at issue.

Against the backdrop of the Court's order, the defense interposes the following objections to the government's disclosures for June 21st and June 22nd.

First, the defense objects to the government's calling Holly Manansala or Jack Barnes on Tuesday, June 21st. (The government has also noticed Beth Baumhardt, Eva Boni, Justin Russell, William Lackey, and Matt Jaramenko for June 21st.) The government's disclosure for June 21st was due at 9:00 a.m. on June 16th,[1] and the government did not include these witnesses in its disclosure. Instead, it did not provide the required notice until 6:36 p.m., well after its disclosure deadline. The defense therefore asks that the Court preclude the government from calling Manansala or Barnes on June 21st.

Second, the defense objects to the government's calling Ronilo Vestil (No. 65 on government's witness list), Victim 2[2] (No. 37), Victim 1 (No. 36), and Andrea Dunkelman (No. 35) on Wednesday, June 22nd. The government seeks to call these witnesses far out of its proffered order and has shown no cause for doing so. Indeed, the government has likewise already called Justin Topalian (No. 40) well out of order without providing any explanation for doing so. The defense therefore requests that the Court preclude the government from calling these witnesses on June 22nd.

Third, the government's disclosures to date, coupled with the fact that it seems already to be skipping a large number of witnesses from its overbroad witness list,

---

[1]     This Court's order required 48-hours' notice, excluding days the Court is dark, weekends, and holidays. Accordingly, because Monday is a federal holiday, the notice for June 21st witnesses was due on June 16th.

[2]     The names of Victims 1 and 2 are known to the Court and the parties.

appears to confirm what the defense has long suspected: that the government's disclosed witness list was not a real witness list, and that the government will instead repeatedly drop numerous witnesses from its placeholder list and abandon its proffered witness order.  Thus, to account for the fact that the defense was never provided with a real witness list as ordered by the Court, the defense at this point believes the following further relief is necessary and appropriate: (a) that the government be ordered, on a going-forward basis, to provide 72 hours' notice (three court days) for witnesses it intends to call, and (b) that the government be ordered to notify the defense of each witness it no longer intends to call when it has decided not to call that witness.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender


DATED: June 17, 2022          By */s/ Michael Schachter*
                                    MICHAEL SCHACHTER
                                    Deputy Federal Public Defender
                                    Attorney for Defendant