STEPHANIE S. CHRISTENSEN
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
ANNAMARTINE SALICK (Cal. Bar No. 309254)
WILSON PARK (Cal. Bar No. 239527)
MARIA JHAI (Cal. Bar No. 283059)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    United States Attorney's Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    Email:    mark.takla@usdoj.gov
             annamartine.salick2@usdoj.gov
             wilson.park@usdoj.gov
             maria.jhai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>STEPHEN WILLIAM BEAL,<br><br>        Defendant. | NO. SA CR 19-047-JLS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR SCHEDULING ORDER |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

///

California, hereby submits its opposition to defendant's <u>ex parte</u> application request for a scheduling order (Dkt. 761).

Dated: September 6, 2022         Respectfully submitted,

                                                 STEPHANIE S. CHRISTENSEN
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

      */s/ Mark Takla*
MARK TAKLA
ANNAMARTINE SALICK
WILSON PARK
MARIA JHAI

Assistant United States Attorneys

Attorneys for Plaintiff
United States of America

**MEMORANDUM**

Based on the defendant's September 5, 2022 email, the government initially believed defendant was objecting to all of the government's proposed dates, however defendant appears to agree to some of the dates. The government provides the below chart of the agreements and disputes:

| Event | Government Proposal | Defense Proposal |
|---|---|---|
| Government and defendant expert disclosure | September 12, 2022[1] (government and defense) | September 5, 2022 (government) October 10, 2022 (defense) |
| Government's 404(b) deadline | September 12, 2022 | September 9, 2022 |
| Motion filing date (if necessary) | September 16, 2022 | Defendant did not state a date, but does not appear to oppose motion dates. |
| Joint filing regarding disputes to juror questionnaire or agreed upon juror questionnaire | September 23, 2022 | Defendant did not state |
| Opposition filing date (if necessary) | September 26, 2022 | Defendant did not state a date, but does not appear to oppose motion dates. |
| Reply filing date (if necessary) | September 30, 2022 | Defendant did not state a date, but does not appear to oppose motion dates. |
| Hearing on jury questionnaires (if necessary) | September 30, 2022 | Defendant does not object to September 30, 2022 |
| Government and defendant exchange witness list (without witness order or time estimates) | October 4, 2022 | September 13, 2022 (government); defendant did not propose a defense witness list disclosure |
| Defendant's reciprocal discovery disclosure date | October 7, 2022 | Agreed |

---

[1] The government initially proposed September 9, 2022 to defendant. Defendant opposed. The government believes it now needs until September 12, 2022 to provide any additional expert notice.

3

| Government and defendant exchange exhibit lists | October 7, 2022 | September 30, 2022 (government); defendant did not propose a defense witness list disclosure |
| --- | --- | --- |
| Final pretrial conference | October 7, 2022 | |
| Hard copies of juror questionnaires delivered by parties to jury services | October 7, 2022 | Agreed |
| Completed questionnaires received by parties from Court/juror services | October 10, 2022 | Agreed |
| Defendant's expert discovery disclosure | After the last government expert witness has testified | Agreed |

**Defendant's Expert Notice**

The government's proposed defense expert notice deadline is approximately six weeks prior to trial and tracks defendant's original agreed upon deadline of December 31, 2021 when the trial was set for February. The government requests an early deadline for defense expert notice. Defendant has appeared to have difficulty providing sufficient bases and reasons for his noticed expert opinions, as well as provide timely notice. While defendant's original expert notice was due on December 31, 2021, defendant provided over 50 pages of additional expert materials to the government months later in an opposition only after the government filed a motion to exclude his experts for lack of proper notice. The Court ultimately granted the government's motion in part. Further, on the eve of trial and almost six months after the agreed upon deadline, defendant noticed a new expert in fingerprinting. Counsel's explanation for the lateness was merely that that he had

4

recently spoken with another attorney in his office. The government believes defendant's deadline need be well in advance of trial and that October 10, 2022 is wholly insufficient for the government to "file challenges to new opinions or new experts, if any, in advance of the [defense's] case." (Def.'s Ex Parte, at 3.)

The government does not anticipate substantial additional government expert notice. If defendant believes additional defense expert notice is required after receiving the government expert notice, this may constitute good cause for supplementing the defense expert notice after the defense deadline. Defendant's proposed October 5 date on the eve of trial will not allow for Daubert challenges.

**Jury Questionnaire Dates**

In light of statements made by the jurors, the government will propose additions to the juror questionnaire.

**Pretrial Disclosure of the Defense Witness List**

The government requests that the Court order defendant to disclose his witness list prior to trial.

In Taylor v. Illinois, 484 U.S. 400 (1988), the Supreme Court held that it was proper to exclude witness testimony or other evidence that defendant withheld out of "a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence." Id. at 415; see also Advisory Committee Notes to 1966 Amendments, Fed. R. Civ. P. 16 ("[T]here are some situations in which mutual disclosure would appear necessary to prevent the defendant from obtaining an unfair advantage"); United States v. Morgan, No. 09-cr-573 (BMC)(MDG), 2010 U.S. Dist. LEXIS 32344, at *1-2 (E.D.N.Y. Mar. 31,

2010) ("Although the government made some of its disclosures pursuant to court order, fairness dictates that the defendant also disclose his witness list in advance of the hearing since the defendant already has the government's witness list.").

**Pretrial Disclosure of the Defense Exhibit List**

Federal Rule of Criminal Procedure 16(b)(1)(A)(ii) requires defendant disclose items he intends to use in his case-in-chief at trial. Fed. R. Crim. P. 16. The purpose of Rule 16(b) (defendant's disclosure) is to ensure that discovery is a "two way street." United States v. Stackpole, 811 F.2d 689, 697 (1st Cir. 1987); see also United States v. Bump, 605 F.2d 548, 551-52 (10th Cir. 1979) (requiring reciprocal disclosure despite defendant's objection that it would violate his constitutional rights).

A defendant's failure to comply with the requirements of Rule 16(b) provides grounds for excluding any evidence defendant has improperly failed to produce. In Taylor, 484 U.S. 400 (1988), the Supreme Court reaffirmed the importance of proper reciprocal discovery and confirmed that exclusion is a proper remedy for defense discovery violations. As the Court explained:

> The adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case.

Id. at 410-11.

Thus, the Court agreed with "the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial." Id. at 411 (citation omitted). In the Court's

view, "[t]he adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played." Id. (citation omitted).

Finally, "a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."[2] (Def.'s Application, at 1 n.2 (citing United States v. W.R. Grace, 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc)).)

**Government Witness List**

The government does not anticipate substantial changes to its witness list. The government believes the advanced deadlines set prior to the first trial are unnecessary now that defendant has seen the government's case presented and has had an opportunity to cross-examine the government's witnesses, including the government's experts. Seven months prior to the first trial, the government provided its initial witness list. Approximately five weeks prior to the trial, the government provided its final witness list. Shortly thereafter, the government provided its witness order. The government called approximately 65 witnesses. Defendant had an opportunity to cross-examine, under oath, each of the government's witnesses. The government notes that the Court's standing order on Criminal Proceedings requires only that the government bring copies

---

[2] This authority does not apply to early disclosure of Jencks Act and Federal Rule of Criminal Procedure 26.2 material relating to the prior statements of witnesses.

7

of its witness list on the day of trial.  The early disclosure ordered by the Court was an outside the normal practice that is no longer necessary in this case.

Disclosure of a witness order is unnecessary.  Similarly, this requirement is not in the Court's standing order on Criminal Proceedings.  The government does not believe that a witness order is necessary now that the defense has cross-examined the government's witnesses.  The government is amenable to the 48 hours' notice requirement, as long as the requirement is applied to the defense also.

Disclosure of witness time estimates is unnecessary.  The original purpose of witness time estimates was to ensure that jury would not be empaneled beyond the Court's statement of the time estimate.  The government completed this trial under its seven-week estimate in five full trial weeks.[3]  The government submits that the witness time estimate resulted only in repeated, unhelpful, and unnecessary litigation over whether the government's witness disclosures were in good faith.  Further, defendant's own witness time estimates were often incorrect, which further shows a lack of need for time estimates.  The government is amenable to providing the witness time estimates, but only to the Court.  If the Court requires time estimates to the defense, the government request that rule be equally applied to the defense in the defense witness disclosures.

Finally, the government believes a "good cause" requirement to amend the government's witness list is similarly unnecessary.  The

---

[3] The government notes that while the case spanned seven weeks, the first and last week of testimony each constituted only one day. Subtracting the two holidays, the trial was completed in five full trial weeks.

8

government believes that surprise in a retrial of this is case will be minimal.  Dispensing with the good cause requirement certainly still allows the Court to prevent the government from calling a witness if it feels doing so is appropriate.

**Government Exhibit List**

The government does not anticipate substantial changes to its exhibit list.  The government believes the advanced deadlines set prior to the first trial are unnecessary now that defendant has seen the government's case presented and has had an opportunity to review its exhibits.  The government believes that providing the final exhibit list at the final pretrial conference is sufficient.

Further, for the same reasons as stated with the witness list, the government submits that the Court can dispense with the "good cause" requirement to amend the government's exhibit list.

**Defendant's Expert Discovery Disclosure**

Pursuant to the parties' agreement prior to the first trial, the government believes the Court should set a deadline for any additional expert discovery the day after the last government expert testifies.