E. MARTIN ESTRADA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
ANNAMARTINE SALICK (Cal. Bar No. 309254)
MARIA JHAI (Cal. Bar No. 283059)
SARAH GERDES (Cal. Bar No. 306015)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    United States Attorney's Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    Email:     mark.takla@usdoj.gov
               annamartine.salick2@usdoj.gov
               maria.jhai@usdoj.gov
               sarah.gerdes@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-047-JLS |
|---|---|
| Plaintiff, | **STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT** |
| v. | |
| STEPHEN WILLIAM BEAL, | |
| Defendant. | **CURRENT TRIAL DATE:** 10/18/2022<br>**PROPOSED TRIAL DATE:** 1/10/2023 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and undersigned counsel, and defendant Stephen William Beal ("defendant"), both individually and by and through his counsel of record, Meghan Blanco and Anthony Solis, hereby stipulate as follows:

1. The Indictment in this case was filed on March 13, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 4, 2019 for an initial appearance on a criminal complaint, and on March 25, 2019 for a post-indictment arrangement. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 3, 2019.

2. The Court has previously continued the trial date in this case from June 3, 2019 to June 14, 2022, and found the interim periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

3. Trial began on June 15, 2022. After the jury was unable to reach a unanimous verdict, the Court granted a mistrial on August 22, 2022. The Speedy Trial Act, 18 U.S.C. § 3161(e), required that the retrial commence on or before October 31, 2022. The Court set retrial for October 18, 2022.

4. On October 13, 2022, the Court held a status conference at which defendant and Ms. Blanco appeared. Ms. Blanco indicated that her defendant wished to proceed to trial on January 10, 2023, that counsel could be ready, and that she was seeking to add a second counsel whose earliest ability to proceed to trial was unknown.

5. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately 10 weeks.[1]

---

[1] On August 22, 2022 after the mistrial was declared, the government represented its case would take four weeks. This estimate was based on observations of how previous counsel litigated the case, including stipulations, objections, and lack of objections. In light of the fact that new counsel has been appointed and is likely to litigate the case in a different way, the government revises its estimate to six weeks.

2

  6. By this stipulation, defendant moves to continue the trial date to January 10, 2023.

  7. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is currently charged in an indictment with violations of the following offenses: 18 U.S.C. § 2332a(a)(2) (Use of a Weapon of Mass Destruction Resulting in Death); 18 U.S.C. § 844(i) (Malicious Destruction of a Building Resulting in Death); 18 U.S.C. § 924(c) (Use of a Destructive Device During and in Relation to a Crime of Violence; and 26 U.S.C. § 5861(d) (Possession of an Unregistered Destructive Device).

    b. Due to the complex nature of the prosecution, the parties' estimated length of the trial, the parties' need to consult with experts, the voluminous discovery, and the need for the defense team to conduct forensic examinations of the evidence and interview numerous witnesses, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

    c. The discovery in this case is also voluminous. The government has made available for defendant's review 94 digital devices and the search warrant returns for multiple social media accounts operated by the defendant. The approximate volume of data of the digital evidence made available to defendant is over 15 terabytes. The government has also produced over 200,000 pages of discovery to the defense, beginning at his post-indictment appearance on March 25, 2019, including more than 200 reports of investigations from multiple federal agencies, forensic examination reports, and

evidence recovery logs and reports. The government has also made available for defendant's review approximately 1,000 items of physical evidence.

     d. On October 7, 2022, the Court declared a conflict and relieved defendant's prior attorney, the Office of the Federal Public Defender. Defendant's current counsel, Meghan Blanco, was appointed on October 7, 2022.

     e. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     f. At the October 13, 2022 status conference, the Court advised defendants personally as to his rights under the Speedy Trial Act, and defendants knowingly and voluntarily agreed to the continuance of the trial date, and waived his to be brought to trial earlier than January 10, 2023.

     g. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

     h. The government does not object to the continuance.

     i. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

part of the attorney for the Government to obtain available witnesses.

8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 13, 2022 to January 10, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) the case is so unusual and so complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

9. In addition, the parties agree that the time period of September 16, 2022 to the resolution of the pending motions, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from pretrial motions, from the filing of the motion through the prompt resolution of the motion.

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

11. The parties further agree: A hearing for the Government's Omnibus Motion in Limine (Dkt. 816) is set for December 15, 2022. Any supplemental filing by defendant shall be filed on December 2, 2022. The government's response, if any, shall be filed by December 9, 2022.

IT IS SO STIPULATED.

Dated: October 19, 2022          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

_____/s/_____
MARK TAKLA
ANNAMARTINE SALICK
MARIA JHAI
SARAH GERDES
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Stephen William Beal's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than January 10, 2023 is an informed and voluntary one.

_____          11-30-22
MEGHAN BLANCO/ANTHONY SOLIS        Date
Attorney for Defendant
STEPHEN WILLIAM BEAL

6

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 10, 2023.

Speedy trial wavier taken on record          October 13, 2022

STEPHEN WILLIAM BEAL                          Date
Defendant