E. MARTIN ESTRADA
United States Attorney
ANNAMARTINE SALICK (Cal. Bar No. 309254)
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
SARAH E. GERDES (Cal. Bar. No. 306015)
SOLOMON D. KIM (Cal. Bar. No. 311466)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (714) 338-3591
     Facsimile: (714) 338-3561
     E-mail:    annamartine.salick2@usdoj.gov
                mark.takla@usdoj.gov
                sarah.gerdes@usdoj.gov
                solomon.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 19-047-JLS |
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S 2018 ARREST, COMPLAINT, AND SUBSEQUENT DISMISSAL OF COMPLAINT |
| v. | |
| STEPHEN WILLIAM BEAL, | Hearing Date: June 16, 2023 |
| Defendant. | Hearing Time: 11:30 a.m. |
| | Location:     Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Annamartine Salick, Mark Takla, Sarah E. Gerdes, and Solomon Kim, hereby files its Motion

in Limine to Exclude Defendant's 2018 Arrest, Complaint, and Subsequent Dismissal of Complaint.

 This motion is based upon the attached memorandum of points and authorities, the attached declaration and exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 19, 2023    Respectfully submitted,

            E. MARTIN ESTRADA
            United States Attorney

            ANNAMARTINE SALICK
            Assistant United States Attorney
            Chief, National Security Division

             /s/ Sarah E. Gerdes
            MARK TAKLA
            SARAH E. GERDES
            SOLOMON KIM
            Assistant United States Attorneys

            Attorneys for Plaintiff
            UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The government moves in limine to prohibit defendant from introducing information during his retrial about defendant's 2018 probable cause arrest, 2018 Complaint, and the subsequent dismissal of the 2018 Complaint on the government's motion.  This information is irrelevant to the charges defendant faces and should be excluded under Federal Rules of Evidence 401 and 402.  Given that this legal process information is irrelevant, its probative value – it has none – is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.  As such, it should also be excluded under Federal Rule of Evidence 403.[1]

**II.  LEGAL STANDARD**

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  To be relevant, evidence must have a "tendency to make a fact" that "is of consequence in determining the action" "more or less probable than it would be without the evidence."  Fed. R. Evid. 401; see also United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004) (explaining that the district court has "wide discretion" on relevance determinations).

Evidence is also excludable when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Evidence should be excluded where it would cause

---

[1] The parties met and conferred in advance of the filing of this motion.  (Gerdes Decl. ¶ 2.)  Defense counsel informed government counsel that they would be objecting to the exclusion of this information.  (Id.)

the jury to base its decision on something other than proof specific to the charged conduct. See Old Chief v. United States, 519 U.S. 172, 180 (1997) ("unfair prejudice" is evidence with "the capacity . . . to lure the factfinder into declaring guilt on an improper basis rather than on proof specific to the offense charged.").

### III. DEFENDANT'S 2018 PROBABLE CAUSE ARREST, THE 2018 COMPLAINT, AND THE SUBSEQUENT DISMISSAL OF THE 2018 COMPLAINT ON THE GOVERNMENT'S MOTION SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 through 403

On May 16, 2018, following a search of defendant's home, defendant was arrested based on probable cause to believe he possessed an unregistered destructive device in violation of 26 U.S.C. § 5861(d). The following day, a magistrate judge found probable cause to believe defendant committed the offense based on the Complaint and supporting affidavit. (Case No. 8:18-MJ-257-DUTY, Dkt. No. 1.) The government later moved to dismiss the Complaint ten days after the arrest based on legal questions as to whether the devices met the statutory definition for a "destructive device." (Id., Dkt. No. 12.) The Court dismissed the Complaint on the government's motion without prejudice. (Id., Dkt. No. 13.)

For defendant's murder of Ildiko Krajnyak with a bomb, defendant was ultimately charged by indictment with use of a weapon of mass destruction resulting in death, in violation of 18 U.S.C. § 2332a(a)(2); malicious destruction of a building resulting in death, in violation of 18 U.S.C. § 844(i); use of a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and possession of an unregistered destructive device, in violation of 26 U.S.C. § 5861(d). (SA CR 19-047-JLS, Dkt. No. 1.)

2

During defendant's opening statement in Beal I, defense counsel told the jury that the FBI arrested Beal the day after the bombing for possessing "two illegal bombs" and that "they were forced to dismiss the charges" because the "bomb was a sugar rocket, a toy." (Ex. 1 at 252-53.[2]) Indeed, defense counsel also displayed a copy of the dismissed May 2018 Complaint to the jury during opening statement, a document defendant never attempted to admit at trial. The government seeks an order from the Court excluding the introduction that defendant was arrested in 2018, a Complaint was filed on that arrest, the government moved to dismiss the Complaint, and the Court dismissed the Complaint without prejudice on the government's motion.

First, information about defendant's 2018 arrest, Complaint, and the subsequent dismissal of the Complaint on the government's motion is inadmissible under Federal Rule of Evidence 402 because it is not relevant. Information about legal process – a probable cause arrest, a finding by a magistrate judge that the arrest was supported by probable cause, and the government's decision to move to dismiss those charges after legal analysis – does not have any tendency to make the fact that defendant killed Ildiko Krajnyak with a bomb more or less probable than it would be without that information. See Fed R. Evid. 401.

Second, this information pertaining to legal process should be excluded under Federal Rule of Evidence 403. Because information relating to defendant's 2018 arrest, Complaint, and subsequent

---

[2] For ease of reference, the government has identified an excerpt from the trial transcript of defendant's opening statement as an exhibit, but will provide the entire transcript, if the Court prefers.

3

dismissal of the Complaint has no relevance, as explained above, it has no probative value.  The probative value, of which there is none, is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time.  If this information were to be introduced, it would cause unfair prejudice, confuse the jurors, and mislead the jurors because it is a red herring – defendant is no longer facing the charges as alleged in the 2018 Complaint and any decision by the government to dismiss those charges does not speak to defendant's guilt on the indicted charges in this case.  See United States v. Moreno, 102 F.3d 994, 998 (9th Cir. 1996) ("Without question, the Government has a legitimate interest in excluding evidence which is not relevant or is confusing under Rule 402 and Rule 403 of the Federal Rules of Evidence.").  Introduction of this information would also waste time.  To explain the nuances of the criminal legal process so the jurors understand exactly what happened in 2018 in connection with the probable cause arrest, the filing of the Complaint, the government's legal analysis and decision to move to dismiss the Complaint without prejudice, and the magistrate judge's subsequent dismissal of the Complaint without prejudice would simply be distracting and waste time.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant its motion and exclude information about defendant's 2018 probable cause arrest, 2018 Complaint, and the subsequent dismissal of the Complaint on the government's motion from being introduced during defendant's retrial.

4