**MEGHAN BLANCO (238171)**
**LAW OFFICES OF MEGHAN BLANCO**
28202 Cabot Road, Suite 300
Laguna Niguel, California 92677
Telephone:  (949) 296-9869
Facsimile:  (949) 606-8988
Email: mblanco@meghanblanco.com

**ANTHONY SOLIS (198580)**
**LAW OFFICE OF ANTHONY SOLIS**
23679 Calabasas Rd Pmb 412, Calabasas, California 91302-1502
Telephone: 213-489-5880
Facsimile: 213-489-5923
Email: AnthonySolisLaw@gmail.com

Attorneys for Stephen Beal

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>STEPHEN BEAL,<br><br>　　　　Defendants. | No. CR 19-CR-47-JLS<br><br>SENTENCING MEMORANDUM |

　　　Defendant Stephen Beal, by and through his counsels of record, files the instant sentencing memorandum.  This memorandum is based on the attached memorandum of points and authorities and any other arguments or evidence the Court wishes to hear at the sentencing hearing.

                                        Respectfully Submitted,

Dated: January 5, 2024

                                        ___*//s// Meghan Blanco*___
                                        MEGHAN BLANCO
                                        ANTHONY SOLIS
                                        Attorneys for defendant
                                        STEPHEN BEAL

MEMORANDUM OF POINTS AND AUTHORITIES

I. Introduction

On July 19, 2023, following a jury trial, Mr. Beal was found guilty of Using a Weapon of Mass Destruction Resulting in Death (Count 1: 18 U.S.C. § 2332a(a)(2)), Destruction of a Building Resulting in Death (Count 2: 18 U.S.C. § 844(i)), Using a Destructive Device During and in Relation to a Crime of Violence (Count 3: 18 U.S.C. §§ 924(c)(1)(B), 924(c)(1)(B)(ii)), and Possessing an Unregistered Destructive Device (Count 4: 26 U.S.C. § 5861(d)).

On December 15, 2023, the United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") and Recommendation Letter for Mr. Beal. The USPO calculates a total offense level of 43 and a criminal history category I. The recommended sentence is a term of life plus 30 years. (Recommendation Letter). This term consists of life on each of counts 1 and 2, 120 months on count 4, all such terms to be served concurrently, and 30 years on count 3 to be served consecutively to counts 1 and 2. (Recommendation Letter)

Mr. Beal's sentencing hearing is scheduled for January 19, 2024. Mr. Beal submits this memorandum to assist the Court in fashioning an appropriate sentence. While Mr. Beal does not dispute the sentencing calculation, he does dispute specific portions of the PSR, as well as the

3

recommendation that the Court impose a sentence that exceeds Mr. Beal's natural life, as addressed in detail below.

## II. Mr. Beal's Objections to PSR

The PSR indicates that all the information concerning the offense conduct was "obtained from the Indictment, and discovery and information provided by the Assistant U.S. Attorney and the Federal Bureau of Investigation (FBI) case agent." (PSR, ¶ 8). Mr. Beal objects to the Offense Conduct as detailed in ¶¶ 10 – 21, 60 – 62, and 69 and asserts that the factual materials in the Offense Conduct section of the PSR should be based only upon the trial transcripts and trial exhibits, and not upon selected discovery or information provided by the prosecution. The best evidence for the offense conduct is that which was submitted and examined at trial, rather than that which was contained in the indictment, discovery, and/or from the prosecution.

## III. Guidelines Calculation

The USPO finds that Mr. Beal's base offense level is 43, pursuant to USSG § 2A1.1. (PSR ¶ 43). It seeks no adjustments or departures. It further finds that Mr. Beal falls into criminal history category I, and that his resulting Guidelines range is life.

Additionally, pursuant to 18 USC § 924(c)(1)(B), (D), the USPO finds that a consecutive, mandatory sentence of

4

30 years is required on count 3.  (PSR ¶ 93).  Mr. Beal concurs with the USPO's calculations under the Guidelines. However, as discussed below, a sentence that exceeds a person's natural life is excessive and does not meet any sentencing goals in this, or any, case.

## IV. Sentencing Considerations

### A. The Guidelines

This Court has a duty to consider all the factors outlined in 18 U.S.C. § 3553(a) in determining the appropriate sentence in Mr. Beal's case, to reach a sentence that is sufficient but not greater than necessary to address the goals of sentencing.

The Guidelines in this case call for a sentence of life, which in the federal system is functionally equivalent to life without the possibility of parole – as parole is no longer available federally – plus a mandatory consecutive sentence of 30 years.  This converts Mr. Beal's total Guidelines sentence to 30 years past his natural life.  Such a sentence serves no purpose under the Guidelines.

In imposing a "life" sentence, the specifics of any defendant must be examined carefully.  Mr. Beal is a college-educated, 64-year-old man who was born in Long Beach, California.  He graduated from Pepperdine University with a degree in Management and raised three beautiful children in the same community in which he,

himself, was born and raised. (PSR ¶ 53, 79,). He remains extremely close to all his children, who continue to support him through these proceedings. (PSR ¶ 63).

According to the United States Social Security Administration "Retirement & Survivor Benefits: Life Expectancy Calculator" (https://www.ssa.gov/cgi-bin/longevity.cgi last accessed January 6, 2024), a man born in the United States in 1959, at Mr. Beal's current age, has an additional life expectancy of approximately 19 years. While the calculator recognizes that the estimate does "not take into account a wide number of factors such as current health, lifestyle, and family history that could increase or decrease life expectancy," 19 years would mean that Mr. Beal would reach approximately 84 years old.

However, when "current health, lifestyle, and family history" are taken into consideration, Mr. Beal's life expectancy diminishes considerably. Mr. Beal's older brother died at age 60 from chronic obstructive pulmonary disease. (PSR ¶ 53). Mr. Beal's father also died from a blood clot. (PSR ¶ 54).

Individuals who are incarcerated live much shorter lives than individuals who are not. According to the Vera Institute, "each year that someone spends in prison cuts their life expectancy by two years." (https://www.vera.org/news/health-care-behind-bars-missed-

6

appointments-no-standards-and-high-costs#:~:text=Each%20year%20that%20someone%20spends,would%20be%20five%20years%20higher last accessed January 6, 2024).  This means that Mr. Beal's remaining life expectancy in prison would be approximately 2/3 shorter than it would be if he were not incarcerated for the remainder of his life.

Similarly, the life expectancy of cancer survivors decreases by 30 percent, on average.  (https://www.news-medical.net/news/20171218/Cancer-survivors-have-shorter-lifespan-finds-new-study.aspx).  Mr. Beal has had bladder and colon cancer.  (PSR ¶ 73).  He is currently being monitored by medical staff for colon cancer.  (*Id.*)

When these specific factors are taken together, then Mr. Beal's actual life expectancy is less than a decade. This would make the mandatory consecutive sentence of 30 years on Count 3 the equivalent of roughly three life sentences for Mr. Beal.  And this would be *on top of* an additional Guidelines sentence of life.

Such a sentence is duplicitous and would serve no purpose under the Guidelines.  Mr. Beal respectfully requests that the Court take his actual life expectancy into consideration when fashioning an appropriate custodial sentence in this case.

//

B. Mr. Beal's Characteristics

Mr. Beal was born into a middle class family in Long Beach, California, in 1959. (PSR ¶ 53). He attended Cerritos College for two years and then Pepperdine University, where he graduated with a degree in Management in 1978. (PSR ¶ 77-78). He married his college sweetheart, Christine, in 1979. (PSR ¶ 58). They remained happily married until Christine's untimely death in 2008.

Mr. Beal and Christine provided a loving and stable family environment to their three children, Charlene, Nathaneal, and Charity. They were involved in music and frequently did projects together as a family. (PSR ¶ 60). Mr. Beal remains extremely close with all his children. (PSR ¶¶ 59, 60, 63, 67).

Mr. Beal worked as a management consultant for much of his adult life. He was extremely talented, and at the end of his career, he earned approximately $180,000 a year. However, Mr. Beal's life took a tragic turn around the time his wife, Christine, died. He stopped working and experienced depression, for which he sought some therapy. (PSR ¶ 74).

In 2018, Mr. Beal met Valerie Stone through an online dating service. (PSR ¶ 66). Their relationship developed rapidly and deeply. Before his arrest, they became engaged and committed to spending the rest of their lives

together.  She has continued to support Mr. Beal through his arrest and trial.  She continues to support him today.  Mr. Beal also maintains regular contact with his children.  (PSR ¶ 66).

Mr. Beal has been diagnosed with cancer twice.  Although he survived a somewhat recent diagnosis of bladder cancer, the cancer is highly recurrent and often fatal.  (PSR ¶ 73).  He is currently being monitored by medical staff at MDC for prostate cancer.

### V. Restitution

Mr. Beal respectfully requests that the Court put-over restitution as defense counsel has not received adequate information concerning the total restitution requested.  The government appears to concur with this request.  (ECF at pp. 6).

### VI. BOP Placement

Mr. Beal respectfully requests that the Court recommend his placement in a medical facility as close to Oregon as possible.

//
//
//
//
//
//
//

VII. Conclusion

Mr. Beal agrees with the USPO's Guideline's calculation but objects to portions of the PSR described herein, as well as the recommendation that the Court impose a sentence that exceeds his natural life.

Respectfully Submitted,

    *//s// Meghan Blanco*
MEGHAN BLANCO
ANTHONY SOLIS
Attorneys for defendant
STEPHEN BEAL